# THE SUPREME COURT

OF

## PENNSYLVANIA.

MIDDLE DISTRICT—HARRISBURG 1859.

34    9|
217    90|
34    9
226    1400|

## Hoy *versus* Gronoble.

In an action to recover damages for the breach of a parol contract, by which the defendant engaged to employ the plaintiff to cultivate a farm upon shares, the proper measure of damages is, the profit which the plaintiff would have made on the farm, if the contract had not been violated.

But the plaintiff cannot, in addition, recover damages for the *violation of faith*, on the part of the defendant.

ERROR to the Common Pleas of *Centre county*.

This was an action of *assumpsit* by Philip Gronoble against John Hoy, to recover damages for the breach of a parol contract, whereby the defendant engaged to employ the plaintiff to cultivate a farm upon shares.

On the trial, the court below (BURNSIDE, P. J.) instructed the jury, that if they found there was a breach of contract on the part of the defendant, the plaintiff's damages were to be measured by what he could have made on the farm; and that, in addition, they might allow him damages for violation of faith.

To this charge the defendant excepted; and a verdict and judgment having been rendered for the plaintiff for $250, the defendant removed the cause to this court, and here assigned the same for error.

*Linn*, for the plaintiff in error, cited Stewart *v.* Walker, 2 *Harris* 293.

*Hall*, for the defendant in error, cited *Sedgwick on Damages*

209, 212; Alexander *v.* Herr's Executors, 1 *Jones* 537; Holler
*v.* Weiner, 3 *Harris* 244.

The opinion of the court was delivered by
STRONG, J.—The plaintiff below brought suit to recover damages
for a breach of a parol contract, by which the defendant engaged
to employ him to cultivate a farm upon shares. The only ques-
tions raised in this court relate to the proper measure of damages.
The plaintiff having, through the alleged default of the defendant,
failed in obtaining the employment, the learned judge of the
Common Pleas instructed the jury, that his damages were to be
measured by what he could have made on the farm, and that
besides these, they might allow him damages for violation of faith.
This instruction, it is contended, was erroneous.

There are few subjects more difficult than the proper rule by
which damages are to be estimated. It is often said that in
actions founded upon contracts, the rule is compensation. But
this practically amounts to very little. What is compensation?
In many contracts, the parties have themselves fixed the measure.
In many others, the contract furnishes no standard, and it is
impossible to prescribe any general rule, which shall in all cases
give to a plaintiff a precise equivalent for what he would have
enjoyed, if the contract had not been violated. Without attempt-
ing to deduce from adjudicated cases any rule of universal appli-
cation, it may suffice, for the present, to refer to a few principles
that seem to be supported by the better authorities. While it is
well settled, that a jury are not at liberty to allow mere speculative
damages, yet there are cases in which a plaintiff has been held
entitled to what he would have made had the contract been ful-
filled: I mean, to what he would have made *immediately out of
the contract.*

The loss of such profits is not consequential, in the sense in
which consequential damages are sometimes said to be too remote.
They are in the immediate contemplation of the parties when the
contract is made. Thus, in contracts for the sale and delivery of
goods at a designated time or place, the damages are measured by
the price of the goods on the day named, or at the place specified,
if there be a failure on the part of the vendor. This is, in effect,
making him responsible for profits. This subject has received a
very thorough discussion in New York, in Masterton *v.* The Mayor
of Brooklyn, 7 *Hill* 62. That was a case in which the plaintiffs
had agreed to furnish marble for the City Hall of Brooklyn, for
which the defendants agreed to pay as the work progressed.
After a portion of the marble had been delivered, the defendants
refused to receive any more, and the plaintiffs brought covenant
for a breach of the contract. They were allowed to recover the
profits they would have made from the actual performance of the

[Hoy v. Gronoble.]

contract. The court, while denying the right of the plaintiffs to remote and contingent damages, or to profits of collateral enterprises, in which they might have been induced to engage on the faith of the contract with the defendants, remarked that, "profits or advantages, which are the direct and immediate fruits of the contract entered into between the parties, stand upon a different footing. They are part and parcel of the contract itself, entering into and constituting a portion of its very elements; something stipulated for, the right to the enjoyment of which is just as clear and plain as to the enjoyment of any other stipulation." This is also the doctrine of Fox v. Harding, 7 *Cush.* 516; Railroad Company v. Howard, 13 *How.* 307; Cook v. The Commissioners of Hamilton, 6 *McLean C. C. Reps.* 612; Richardson v. Mellish, 2 *Bingh.* 229. So also, it is held in this state, that in an action for a breach of a covenant to sell land, a plaintiff is entitled to recover damages for the loss of his bargain, beyond the money paid with interest, unless the breach of the covenant has not been in consequence of the fraud or bad faith of the vendor: Bitner v. Brough, 1 *Jones* 127. Indeed, the principle does not appear to have been denied. The contest in the reported cases has been, whether the loss of the bargain is not a proper subject to enter into the estimate of damages, even where there was no fraud or breach of faith. In McClowry v. Croghan's Administrator, 7 *Casey* 22, the measure of damages for the breach of a contract to lease, was declared to be the same as for a breach of a contract to sell; as indeed it must be, for a lease is but a partial sale, the rent being the consideration. We cannot say, therefore, that the jury were misled in this case by being told that the damages of the plaintiff would be measured by what he could have made on the farm. This was but another mode of saying, that he was entitled to the value of his bargain. The worth of that was what it would have yielded, deducting, of course, the value of the labour necessary to be bestowed.

But we think there was error in charging the jury that "besides allowing these damages" (what the plaintiff could have made on the farm), they might also allow damages "for violation of faith." This is something more than compensation. It is an allowance of vindictive damages, which is not permitted in actions for a breach of contract, with very rare exceptions, perhaps in none, except the single case of breach of promise of marriage. The violation of most contracts involves a breach of faith. If a promissor must respond in damages for that as well as for his violation of his promise, he must make duplicate satisfaction. The learned judge was led into the mistake by a dictum of Judge ROGERS, in Holler v. Weiner, 3 *Harris* 242. In that case, there was no question raised respecting the constituents of the damages. The contest was in regard to the plaintiff's right to recover any

[Hoy *v.* Gronoble.]

particular damage which he had suffered. The doubt was whether there was any evidence of any damage. Judge ROGERS, in delivering the opinion, after having shown what was the contract and how it had been violated, remarked, " This is an obvious wrong, for which the plaintiff is entitled to damages, as well for the breach of the contract as for the violation of faith." To hold that it was intended by this to warrant the recovery of damages for breach of faith, in addition to those which result from violation of the contract, would be a perversion of the meaning of the judge. His only purpose was to show that some damages were recoverable, and the ground was either breach of the contract, or its synonym—violation of faith. The case, therefore, does not sustain the instruction which was given to the jury in the present action.

The judgment is reversed, and a *venire de novo* awarded.