## Wood v. Hahnemann Medical College and Hospital of Philadelphia

*Gilbert E. Toll,* for plaintiff.
*Anthony F. Visco, Jr.,* for defendant.

GOLDMAN, *J.,* February 24, 1976 — Plaintiff has asserted a claim for punitive damages in an assumpsit action alleging breach of contract. Defendant filed a preliminary objection asserting that punitive damages are not recoverable in an assumpsit action. We agree and sustain the objection with leave to the plaintiff to file an amended complaint.

The terms of the alleged contract include: (1) that the plaintiff would be given reasonable notice of discharge; and (2) that his duties would be lawful and legitimate. Plaintiff claims that he was discharged without notice and that defendant, from the time of the contract's inception, willfully concealed the fact that plaintiff's duties were illegal and improper.

In Pennsylvania, punitive damages are not recoverable in a contract action: Hoy v. Gronoble, 34 Pa. 9, 75 A.D. 628 (1859); see also Board v. Bell Telephone Company of Pennsylvania, 43 D.&C. 2d 707 (1967); Hobensack v. McLean, 86 D.&C. 482 (1953); and Morgan v. Continental Credit Corp., 58 D.&C. 620 (1947). The courts thus follow the rule of the Restatement Contracts §342; Carpel v. Saget Studios, 326 F. Supp. 1331 (E.D. Pa. 1971). The present case is similar to Illustration 1 of section 342 supra, which states that punitive damages would not be recoverable following a wrongful discharge of a school teacher made without notice and in a humiliating manner. 11 P.L.E. 105 §14 and the cases noted therein, cited by plaintiff in support, are not to the contrary since these refer only to trespass actions.

Plaintiff's allegations may also give rise to a claim in trespass which would support, at least, the allegation that punitive damages are due. Pa.

R.C.P. 1020(d)(1) provides for joinder in separate counts of assumpsit and trespass actions arising against the same person from the same occurrence. If plaintiff elects to plead a trespass count in the alternative to support his claim for punitive damages, he should do so in accordance with the requirements of Rule 1020.

## ORDER

And now, February 24, 1976, upon consideration of the preliminary objections of defendant, Hahnemann Medical College and Hospital of Philadelphia, it is hereby ordered and decreed that defendant's preliminary objections to count II of the second amended complaint are sustained with leave to plaintiff to file a further amended complaint within 20 days from the date hereof.