This Court has jurisdiction over the subject matter and the parties to this suit in accordance with 28 U.S.C. § 1343.

■ Defendant contends that he is immune from suit as he is a judicial officer. *Cf., Davis v. McAteer*, 431 F.2d 81 (8th Cir. 1970); *Smallwood v. United States*, 358 F.Supp. 398 (E.D.Mo.1973). In *McCray v. State of Maryland*, 456 F.2d 1 (4th Cir. 1972), however, the court analyzed the concept of judicial immunity with reference to judicial personnel and concluded that such immunity will not be granted where the action complained of is ministerial. The claim made in *McCray* was identical to the one herein and the court concluded that judicial immunity did not apply. This Court agrees with the reasoning in *McCray* and concludes that defendant is not immune under the circumstances herein.

■ Plaintiff has alleged that defendant's failure to transmit the supplemental pleading denied him access to the appellate courts. This Court disagrees. It is clear from the record that the supplemental pleading was presented to the Missouri Court of Appeals by means of the motion for rehearing. Although that court allowed its original opinion to stand, this Court can not presume that the Missouri Court of Appeals failed to consider the issue raised in the supplemental pleading when it was so presented in the motion for rehearing. It is this Court's opinion that had this cause been presented to this Court as a petition for a writ of habeas corpus, 28 U.S.C. § 2254, plaintiff would have been held to have exhausted his state remedies. Accordingly, the Court concludes that defendant did not deny plaintiff access to the courts.

Judgment will be entered for defendant.

**Lester M. O'SHANICK, Plaintiff,**

**v.**

**ALLSTATE INSURANCE COMPANY, a corporation, Defendant.**

**Civ. A. No. 76–1624.**

United States District Court,
W. D. Pennsylvania.

May 11, 1977.

Leonard J. Paletta, Pittsburgh, Pa., for plaintiff.

Paul Roman, Jr., Dickie, McCamey & Chilcote, Pittsburgh, Pa., for defendant.

## OPINION

SNYDER, District Judge.

This action was brought for the payment of insurance benefits and was removed to the United States District Court by the Defendant, Allstate Insurance Company (Allstate) because of diversity jurisdiction. Allstate has now moved for partial judgment on the pleadings as to Plaintiff's claim for punitive damages and this Court will grant the Defendant's Motion.

### I.

O'Shanick was involved in an automobile accident on November 20, 1975. He was uninsured and made application for Pennsylvania No-fault Insurance Benefits under the provisions of the Act (40 P.S. § 1009.101 *et seq.*) to the Pennsylvania Mutual Casualty Insurance Company, the insurer of Warren C. Saurers, Inc., who was also involved in the accident. Pennsylvania Mutual denied O'Shanick's claim which was therefore assigned under the Pennsylvania Assigned Claims Plan (40 P.S. §§ 1009.204–5) to Allstate. O'Shanick brought this suit for nonpayment of benefits within 30 days after Allstate had received sufficient information, seeking not only the amount of his claim, but punitive damages as well. His medical bills amounted to $2239.50.[1]

The essence of O'Shanick's claim is that Allstate exhibited bad faith in not immediately paying his benefits and that this is sufficient for the imposition of punitive damages. Allstate replies:

(1) The mere failure to pay within 30 days is not evidence of bad faith and,

(2) In any event, the No-fault statute precludes the allowance of punitive damages.

We shall direct our consideration to the Defendant's second contention.

### II.

The Court's attention has not been drawn to any Pennsylvania cases construing the allowance of punitive damages in the no-fault situation. This Pennsylvania statute is a comprehensive one which replaces the basic accident and insurance law as to liability for vehicle accidents.

The statute provides: (40 P.S. § 1009.102)

"(5) exhaustive studies by the United States Department of Transportation, the Congress of the United States and the General Assembly have determined that the present basic system of motor vehicle accident and insurance law, which makes compensation and restoration contingent upon:

(A) every victim first showing that someone else was at fault;

(B) every victim first showing that he was without fault; and

(C) the person at fault having sufficient liability insurance and other available financial resources to pay for all the losses, is not such a low-cost, compresensive [sic], and fair system;

(6) careful studies, intensive hearings, and some State experiments have demonstrated that a basic system of motor vehicle accident and insurance law which:

(A) assures every victim payment of all his basic medical and rehabilitation costs, and recovery of a reasonable amount of work loss, replacement services and survivor's loss; and

(B) eliminates the need to determine fault except when a victim is very seriously injured, is such a low-cost, comprehensive, and fair system;

\*      \*      \*      \*      \*      \*

---

1. See Complaint filed in the Allegheny County Court of Common Pleas.

(8) throughout the Commonwealth there should be uniformity as to the essential elements of the system of motor vehicle accident and insurance law to avoid confusion, complexity, uncertainty, and chaos which would be engendered by a multiplicity of noncomplementary systems, but the need for a basic system does not require that the Commonwealth itself directly administer, operate, or direct the administration or operation of such system; . . ."

With respect to payment of claims, the statute provides: (40 P.S. § 1009.106(a))

"(1) No-fault benefits are payable monthly as loss accrues. Loss accrues not when injury occurs, but as allowable expense, work loss, replacement services loss, or survivor's loss is sustained.

(2) No-fault benefits are overdue if not paid within thirty days after the receipt by the obligor of each submission of reasonable proof of the fact and amount of loss sustained, unless the obligor designates, upon receipt of an initial claim for no-fault benefits, periods not to exceed thirty-one days each for accumulating all such claims received within each such period, in which case such benefits are overdue if not paid within fifteen days after the close of each such period. If reasonable proof is supplied as to only part of a claim, but the part amounts to one hundred dollars ($100) or more, benefits for such part are overdue if not paid within the time mandated by this paragraph. An obligation for basic loss benefits for an item of allowable expense may be discharged by the obligor by reimbursing the victim or by making direct payment to the supplier or provider of products, services, or accommodations within the time mandated by this paragraph. Overdue payments bear interest at the rate of eighteen per cent (18%) per annum."

And in addition it provides: (40 P.S. § 1009.107)

"Fees of claimant's attorney.—

(1) If any overdue no-fault benefits are paid by the obligor after receipt by the obligor of notice of representation of a claimant in connection with a claim or action for the payment of no-fault benefits, a reasonable attorney's fee (based on actual time expended) shall be paid by the obligor to such attorney. No part of the attorney's fee for representing the claimant in connection with such claim or action for no-fault benefits shall be charged or deducted from benefits otherwise due to such claimant and no part of such benefits may be applied to such fee.

(2) If, in any action by a claimant to recover no-fault benefits from an obligor, the court determines that the claim or any significant part thereof is fraudulent or so excessive as to have no reasonable foundation, the court may award the obligor's attorney a reasonable fee based upon actual time expended. The court, in such case, may direct that the fee shall be paid by the claimant or that the fee may be treated in whole or in part as an offset against any benefits due or to become due to the claimant.

(3) If, in any action by a claimant to recover no-fault benefits from an obligor, the court determines that the obligor has denied the claim or any significant part thereof without reasonable foundation, the court may award the claimant's attorney a reasonable fee based upon actual time expended."

From the foregoing, it is apparent that the Pennsylvania Legislature has provided in specific, detailed language for the rights, duties and liabilities of all parties involved in no-fault cases, including the eventuality of non-payment by an obligor by providing specific penalties in the event payment is not made within 30 days. These do not include punitive damages and the Plaintiff cannot therefore make such a recovery.

An appropriate Order will be entered granting the Defendant's Motion for Judgment on the Pleadings as to Plaintiff's claim for punitive damages.