## Jolley v. Nationwide Insurance Company

*Hy Mayerson*, for plaintiff.
*Stanley P. Stahl*, for defendant.

KLEIN, C., *J.*, July 10, 1978—Plaintiff filed a complaint in assumpsit demanding punitive and exemplary damages against defendant for its alleged willful bad faith and malicious and oppressive conduct toward plaintiff in delaying and denying benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq.

Defendant timely filed preliminary objections in the nature of a motion to strike the complaint on the

grounds that the Pennsylvania No-fault Act provides the sole and exclusive remedy for unreasonable failure to pay no-fault benefits, i.e., imposition of attorney fees in section 107(3), 40 P.S. §1009.107(3), and interest at the rate of 18 percent per annum on overdue payments in section 106(a)(2), 40 P.S. §1009.106(a)(2).

In accordance with the provisions of Philadelphia Court Rule 139 and Pa.R.C.P. 1017(b), no answer to the preliminary objections was filed by plaintiff.

The only reported case we have found on the question at issue is O'Shanick v. Allstate Insurance Company, 431 F. Supp. 382, 384 (W.D. Pa. 1977), where the United States District Court for the Western District of Pennsylvania construed the Pennsylvania No-fault Act and held that "it is apparent that the Pennsylvania Legislature has provided in specific, detailed language for the rights, duties and liabilities of all parties involved in no-fault cases, including the eventuality of non-payment by an obligor by providing specific penalties in the event payment is not made within 30 days. These do not include punitive damages . . . "

We are in complete agreement with the holding in O'Shanick. Plaintiff's remedy must fall within the provisions of the No-fault Act. Accordingly, we enter the following

## DECREE

And now, July 10, 1978, upon consideration of the preliminary objections filed on behalf of defendant, it is hereby ordered and decreed that the preliminary objections are sustained and plaintiff's complaint is dismissed.