## McNally v. Allstate Insurance Co.

*Allen L. Feingold*, for plaintiff.
*Albert E. Hart, Jr.*, for defendant.

PRATTIS, *J.*, January 8, 1979—On May 30, 1978, an order was issued by Judge Marshall of the Court of Common Pleas of Philadelphia County, dismissing and denying defendant Allstate's preliminary objections to plaintiff's complaint.

Allstate's preliminary objections were based upon the provisions of the Pennsylvania No-fault

Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, art. I, sec. 101, 40 P.S. §1009.101 et seq. Allstate requested the court to strike those counts of the complaint alleging malice and claiming punitive damages.

On the same day, May 30, 1978, Judge Marshall also denied and dismissed plaintiff's preliminary objections to defendant's preliminary objections. Plaintiff's objections raised issues of improper format and lack of affidavit. Plaintiff also argued that defendant's objections had no basis in fact or law as pleaded.

On November 15, 1978, Allstate filed a motion to strike plaintiff's request for punitive damages. The question to be answered by this court is whether the motion to strike may be granted in the face of Judge Marshall's dismissal of preliminary objections based on the same grounds.

Aside from the merits of the motion, procedurally, we are bound by Judge Marshall's order.

Pa.R.C.P. 1017(b)(2) provides that a motion to strike off a pleading is to be raised by way of preliminary objection. 2 Goodrich-Amram 2d §1017(b):2 notes: "No matter which of the questions is to be raised, the paper in every case is to be called a 'preliminary objection.' It is not intended by Rule 1017(b) that the paper filed should be labelled merely 'demurrer' or 'motion to strike off,' etc., if that is the nature of its content."

Pa.R.C.P. 1028 requires that all preliminary objections be raised at one time and permits inconsistent pleading.

The effect of both rules is to prohibit a party from raising a series of preliminary objections that will result in unnecessary delay.

In the instant case, Allstate's contention that punitive damages are not recoverable under the

Pennsylvania No-fault Insurance Act is correct: O'Shanick v. Allstate Ins. Co., 431 F. Supp. 382 (W.D.Pa. 1977). However, its preliminary objection to strike plaintiff's request for punitive damages has heretofore been denied. Allstate is barred from raising the same objection in the guise of a "motion to strike" under the Pa.R.C.P. 1017 and 1028.

Accordingly, the motion is dismissed and the issue of whether plaintiff should recover punitive damages for alleged malicious and wanton conduct by defendant is left for the trial judge.

Plaintiff further requests that the court sanction defendant by ordering Allstate to pay plaintiff's counsel the sum of $250 for the "preparation and filing of the within Answer to defendant's unnecessary filing of a motion . . ." A sanction of this kind is appropriate only where a wanton disregard of a court order has occurred. Allstate's action in filing this motion may be a last ditch attempt to raise a legitimate legal issue pre-trial (i.e., recoverability of no-fault punitive damages), but it can hardly be considered "wanton." The request for sanctions is therefore denied.