## Whiting v. Nationwide Insurance Company

*Allen L. Feingold*, for plaintiffs.
*Stanley P. Stahl*, for defendant.

TAKIFF, *J*., March 5, 1979—Presently before the court are defendant's preliminary objections to plaintiffs' complaint. Defendant contends, in essence, that plaintiffs have failed to state a claim

upon which punitive damages may be recoverable, as sought, because the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 Pa.C.S.A. §1009 et seq., provides the sole and exclusive remedy for failure to pay no-fault benefits, and that exemplary or punitive damages are not among the remedies provided in the statutory scheme.

Under the no-fault statute, benefits are payable on a monthly basis as allowable losses are sustained. Benefit payments are generally due within 30 days after receipt by the obligor of reasonable proof of loss: 40 P.S. §1009.106(a). The statute provides for interest at the rate of 18 percent per annum on overdue payments: 40 P.S. §1009.106(a)(2). As a further sanction, 40 P.S. §1009.107 provides for the payment of attorney fees by the obligor under certain circumstances:

"(1) If any overdue no-fault benefits are paid by the obligor after receipt by the obligor of notice of representation of a claimant . . . a reasonable attorney's fee (based upon actual time expended) shall be paid by the obligor to such attorney. . . . (3) If, in any action by a claimant to recover no-fault benefits from an obligor, the court determines that the obligor has denied the claim or any significant part thereof without reasonable foundation, the court may award the claimant's attorney a reasonable fee based upon actual time expended."

In at least one reported decision construing Pennsylvania law it has been held that these statutory penalties for late payment are exclusive, thereby precluding the recovery of punitive damages in an action for recovery of no-fault benefits:

O'Shanick v. Allstate Insurance Company, 431 F. Supp. 382 (W.D. Pa. 1977); accord, Rabinowitz v. Pennsylvania National Mutual Insurance Company, C.P. Phila. 7802-2817, July 10, 1978; contra, Armour v. Concord Mutual Insurance Company, 2 P.C.R. 118 (1979).

We conclude that punitive damages are not recoverable in an action seeking payment of no-fault benefits, *except* in the rare circumstance where the failure to pay itself rises to the status of an independent wilful, tortious act. However, where a plaintiff's relief is sought under the act and the only claim is for failure to pay benefits in a timely fashion, the no-fault act contains the sole and exclusive remedies for such failure, including situations where the benefits are withheld without reasonable foundation therefor.

As a general rule, punitive damages are not permitted in actions stemming from contractual breaches: Hoy v. Gronoble, 34 Pa. 9 (1859); Restatement, Contracts, §342; see Gray v. Occidental Life Insurance Company, 387 F.2d 935 (3d Cir. 1968) ("a claim 'for the aggravated inconveniences and harassments created by the wilful breach of [an insurance] contract' by the defendant, rests on a contract action and is patently frivolous and without foundation"). An exception to this rule exists for contractual breaches which also constitute independent torts predicated upon outrageous, malicious, wanton, reckless, wilful or oppressive conduct: Morgan v. Continental Credit Corporation, 58 D. & C. 620 (1947) (deliberate false statements inducing bank to permit improper withdrawal of incompetent's funds); cf. Lieberman v. Howard Johnson's Inc. (No. 1), 68 D. & C. 2d 129 (1973);

see also Richette v. Pennsylvania R.R., 410 Pa. 6, 187 A. 2d 910 (1963) (malicious interference with contractual relations; Golomb v. Korus, _____ Pa. Superior Ct. _____, 396 A. 2d 430 (1978).

Plaintiffs' complaint alleges, inter alia, that defendant wilfully, recklessly, and maliciously withheld benefits from plaintiffs with the intention of inflicting emotional distress upon them. However, factual averments in support of these conclusory allegations are totally lacking. The averments of a mere failure to pay no-fault benefits, whether in good or bad faith, are insufficient. A complaint must aver sufficient facts to support a claim for punitive damages as will advise defendant of what claims he has to meet: Mazzarella v. Lehigh Foundation, Inc., 49 D. & C. 2d 198 (1969); 3 Standard Pa. Pract. §187, 460. As plaintiffs have not pleaded specific averments of fact relating to independent outrageous tortious acts by defendant giving rise to punitive damages, their trespass counts cannot presently stand. Plaintiffs shall be given 30 days to amend counts II and IV of their complaint to appropriately aver facts in support of their claims for punitive damages.

Wherefore, we enter the following

## ORDER

And now, March 5, 1979, upon consideration of defendant's preliminary objections and plaintiffs' answer thereto, it is hereby ordered and decreed that plaintiffs are given 30 days from the date of this order in which to amend counts II and IV of plaintiffs' complaint in accordance with the views expressed in the foregoing opinion of the court, or said counts shall be stricken as prayed for.