398 A.2d 642

**ADOPTION OF G. M., a minor.**

**APPEAL OF D. M.**

Supreme Court of Pennsylvania.

Argued Nov. 16, 1978.

Decided March 14, 1979.

Reargument Denied April 11, 1979.

26

Louis M. Shucker, Central Pa. Legal Services, Reading, for appellant.

Toby K. Mendelsohn, Reading, for appellee.

C. Wilson Austin, County Sol., G. Roderick Snyder, Asst. County Sol., Gerald P. Segal, Reading, for Berks County.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

OPINION

MANDERINO, Justice.

Appellee, C. S., filed a Petition for Adoption of G. M., a minor, and requested the termination of parental rights of the natural father, appellant, D. M. Appellant, who is incarcerated at the State Correctional Institution at Rockview, Pennsylvania, filed a Petition for a Writ of Habeas Corpus Ad Testificandum, requesting that he be transported from Rockview to the adoption hearing in Reading. An indigent, appellant further requested that the costs of this transportation, $275.00, be paid by either appellee C. S., or appellee County of Berks. The Common Pleas Court, Orphans' Court Division, dismissed appellant's petition. An appeal was then filed in this Court, see the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 233, 17 P.S. § 211.202(3), and we granted leave to proceed *in forma pauperis.*

Appellant is currently incarcerated at the State Correctional Institution at Rockview following convictions for aggravated assault, possession with intent to deliver, and delivery of a controlled substance. Appellant had been in prison for approximately thirteen months when the original peti-

tion was filed in 1976, and he will not be released prior to June, 1979.

This appeal involves the single issue of whether the Court of Common Pleas erred in refusing to issue the Writ of Habeas Corpus Ad Testificandum and order one of appellees to pay the transportation costs. The trial court held that appellant's constitutional rights were not jeopardized by the denial of his Writ of Habeas Corpus Ad Testificandum because appellant had notice of the proceeding and was represented by competent counsel. We do not consider the merits of those claims since we conclude that this appeal is interlocutory and must be quashed.

This Court has jurisdiction only to hear appeals from final orders unless otherwise permitted by statute. In the case before us jurisdiction is based upon Section 202 of the Appellate Court Jurisdiction Act of 1970 which states:

"The Supreme Court shall have exclusive jurisdiction of appeals from *final orders* of the courts of common pleas on any of the following classes of cases:

. . . . .

(3) Matters decided in the orphans' court division." (Emphasis added.)
Act of July 31, 1970, P.L. 673, No. 223, art. II, § 202, 17 P.S. § 211.202 (Supp.1978–79).

Therefore, before considering whether the trial court abused its discretion in denying appellant's writ and order directing payment of costs, we must first determine if this denial constituted a final order.

An order is considered final if it terminates litigation or disposes of the entire case. *T. C. Realty, Inc. v. Cox,* 472 Pa. 331, 372 A.2d 721 (1977). Appellant's parental rights have not yet been adjudicated. Since the trial court has not yet acted upon the adoption and the termination of parental rights petitions, there has been no disposition of the entire case.

We recognize that the proper approach in deciding whether an order is a final and hence an appealable one is to

28

apply practical considerations after examining the ramifications of the order. *Bell v. Beneficial Consumer Co.,* 465 Pa. 225, 348 A.2d 734 (1975). In the case before us, although the trial court has denied appellant's writ and request for the payment of transportation costs, the merits of the controversy have not been decided and there is no way of knowing whether the conclusion of the matter will be favorable or unfavorable to appellant. While the trial court has denied appellant's Writ of Habeas Corpus Ad Testificandum this does not necessarily preclude appellant from presenting the merits of his claim under the conditions—whether proper or improper—ordered by the trial court. Appellant must litigate the entire case before pursuing further appellate review. At that time, issues now raised will be ripe for review if appellant files an appeal, assuming a final order adverse to him is entered in the trial court.

The appeal from the order of the Court of Common Pleas is quashed as interlocutory.

POMEROY, former J., did not participate in the consideration or decision of this case.