## O'Neill v. Keystone Insurance Co.

*Allen L. Feingold*, for plaintiff.
*John B. Jenemann*, for defendant.

MURPHY, *J.*, July 2, 1979—Defendant's preliminary objections to plaintiff's amended complaint in trespass and assumpsit present this court with the narrow question of whether punitive damages are recoverable for failure to pay a claim promptly under the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489.[1]

On July 27, 1978, plaintiff filed a complaint in assumpsit and trespass against defendant insurance company demanding judgment for breach of the insurance contract and punitive damages for fraud, malice, and wanton and reckless disregard of plaintiff's rights. On November 13, 1978, the Honorable Lois Forer dismissed plaintiff's claim for punitive damages and ordered plaintiff to file an amended complaint alleging with particularity the fraudulent acts. On December 6, 1978, plaintiff filed such an amended complaint. Defendant filed preliminary objections to the second count (trespass) of the amended complaint, which again demanded punitive damages for defendant's wilful, intentional, reckless and wanton disregard of plaintiff's rights. Defendant's preliminary objections to the amended complaint are now before this court.

Judge Forer's opinion cited O'Shanick v. Allstate Ins. Co., 431 F. Supp. 382 (W.D. Pa. 1977), as governing authority on whether punitive damages are

---

1. 40 P.S. §1009.101 et seq.

recoverable by plaintiff where defendant insurer wrongfully fails to pay No-fault benefits. The O'Shanick opinion points to the provisions in the act which grant 18 percent interest and attorney's fees in the case of overdue benefits,[2] and concludes that these are the injured claimant's exclusive remedies. This position is supported by section 1504 of the Statutory Construction Act of November 14, 1972, P.L. 707, as amended, 1 Pa.C.S.A. §101 et seq., which is contained in Title 1 of the Pennsylvania Consolidated Statutes.

As is often the case, however, there is a difference of opinion among the judges of our court as to whether this cause of action will lie. While defendant directs this court to Judge Forer's opinion in this very matter and to the O'Shanick case above cited, plaintiff presents the orders of eight other judges of our court which appear to uphold the existence of this cause of action. Furthermore, our search has led us to Judge Calvin T. Wilson's opinion in the case of Henry D. Collins v. Safeguard Mutual Insurance Co.; A & A Insurance Agency, Inc. and Sterling Premium Finance Co., Inc., 2 P.C.R. 613, (1979); and Bertha Finney v. Safeguard Mutual Insurance Company, October Term, 1978, no. 988. Judge Wilson's opinion traces the development of insurance companies' duty to deal with their Pennsylvania clients fairly in Diamon v. Penn Mutual Fire Insurance Co., 247 Pa. Superior Ct. 534, 372 A. 2d 1218 (1977) (the creation of a cause of action in this Commonwealth for intentional infliction of emotional distress where a breach of contractual duty gave rise to the action): Beasley v. Freedman, 256 Pa. Superior Ct. 208, 389 A. 2d 1087 (1978); and Fair v. Negley, _____ Pa. Superior Ct. _____, 390

2. 40 P.S. §1009.106(a) and 107.

A. 2d 240 (1978), and the apparent inconsistency between the two cases cited immediately above and one of the opinions in D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Company, _____ Pa. Superior Ct. _____, 396 A. 2d 780 (1978), where an evenly divided court affirmed the trial court's dismissal of the cause of action which plaintiff here seeks to create. Despite this court's decision hereinafter set forth, it cannot help but note that both Judge Wilson's opinion and those of the divided court in D'Ambrosio omit all mention of the statutorily provided remedies which were the keystone of O'Shanick.

After reviewing the reasoning in the opinions above cited, and in the absence of any clear directive from our appellate court, this court is compelled by considerations of fundamental fairness to dismiss defendant's preliminary objections. At the present time, a plaintiff's right to recover for his or her insurance company's wrongful and malicious refusal to pay a proper claim depends entirely upon which judge of this court is assigned to decide defendant's pretrial motions. This unconscionable situation cannot be permitted to continue, especially in light of the tenuous place the No-fault system occupies in the Commonwealth at this time. It is the fervent hope of this court that our appellate courts will interpret the No-fault Act so that its uniform application will be made possible, or, better yet, that the general assembly will act to repeal this monstrosity with all deliberate speed.

## ORDER

And now, July 2, 1979, it is hereby ordered and decreed that defendant's preliminary objections are denied.