420 A.2d 620

**Frank GURNICK, Appellant,**

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Dec. 6, 1979.

Filed June 13, 1980.

Allen L. Feingold, Philadelphia, for appellant.

Marcy B. Tanker, Philadelphia, for appellee.

Before PRICE, WATKINS and HOFFMAN, JJ.

PRICE, Judge:

Appellant appeals from an order of the court of common pleas sustaining appellee's preliminary objections and thereby dismissing the second count of appellant's three–count complaint. This case presents the question whether a claimant under Pennsylvania's No–fault Motor Vehicle Insurance Act[1] may recover punitive damages from the insured's insurance company for failure to pay his claim promptly. We hold that such damages are not recoverable under the Act and therefore affirm the order of the court of common pleas.

The pertinent facts are as follows. Appellant filed a three–count complaint in assumpsit and trespass against appellee. Count I of the complaint alleged that appellant

1. Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 101 (40 P.S. § 1009.101).

was riding as a passenger in a car insured by appellee when he sustained injuries as a result of an automobile accident. Appellant further alleged that when presented with his claim for medical expenses and lost wages resulting from the accident, appellee refused to make payment. Appellant therefore requested that the court grant him compensatory damages in excess of $10,000 as well as penalties, attorney's fees, interest and costs.

Counts II and III of the complaint, although inartistic in form, both requested punitive damages in excess of $10,000 as well as penalties, attorney's fees and costs. Count II was based on the theory that appellee's refusal to pay appellant's claim constituted a willful, wanton and malicious breach of contract. Count III sought recovery apparently on the basis of intentional infliction of emotional distress. In this regard, appellant asserted that appellee instituted a course of conduct designed to harass and frustrate him.

Appellee filed preliminary objections in the nature of a demurrer to Counts II and III and contended that punitive damages were not available to appellant under a breach of contract theory and that the No–fault Act provided appellant's exclusive remedy. The court of common pleas, per order of the Honorable James R. Cavanaugh, sustained appellee's preliminary objections to Count II of the complaint, thereby dismissing that count, but denied appellee's preliminary objections to Count III of the complaint. In a subsequent opinion supporting this order, Judge Cavanaugh concluded that appellant's action for punitive damages was not cognizable under the No–fault Act and that the general rule in Pennsylvania prohibits recovery of punitive damages in a breach of contract action.

On appeal,[2] appellant contends that Judge Cavanaugh erred in sustaining appellee's preliminary objections

**2.** Although not raised by either party, we believe that the issue of appealability of the trial court's order is important, and we therefore raise it *sua sponte,* as is our right. *Davidyan v. Davidyan,* 229 Pa.Super. 495, 502, 327 A.2d 139, 142 (1974). In accordance with the Judicial Code in effect at the time the instant appeal was filed, this

to Count II. In support of this argument, appellant contends that a cause of action for punitive damages is permitted by common law and has not been eliminated by the No–fault Act. We disagree.

■ It is hornbook law that punitive damages generally are not recoverable in breach of contract actions. *See* 22 Am.Jur.2d Damages § 245 (1965); 5 Corbin on Contracts § 1077 (1964); 25 C.J.S. Damages § 120 (1966); C. McCormick, Law of Damages § 81 (1935). Pennsylvania has long followed this general rule. *See Hoy v. Gronoble*, 34 Pa. 9, 75 A.D. 628 (1859). Jurisdictions are divided, however, on the question whether the general prohibition against punitive damages in contract actions applies to disputes involving insurance policies. *See* 20 Appleman, Insurance Law and

court has jurisdiction over "all appeals from *final orders* of the courts of common pleas . . . ." Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 742 (eff. June 27, 1978). We conclude that the order of the trial court dismissing Count II of appellant's complaint is an interlocutory order. In ascertaining whether an order is final or interlocutory, we apply practical considerations after examining the ramifications of the order. *Adoption of G. M.*, 484 Pa. 24, 398 A.2d 642 (1979); *Bell v. Beneficial Consumer Co.*, 465 Pa. 225, 348 A.2d 734 (1975). If the order terminates litigation or disposes of the entire case, it is a final order. *Adoption of G. M., supra*; *T. C. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977). Conversely, an order is interlocutory and not final unless it effectively puts the litigant "out of court". *T. C. Realty, Inc. v. Cox, supra*; *Ventura v. Skylark Motel, Inc.*, 431 Pa. 459, 246 A.2d 353 (1968). In the instant case, the trial court's order dismissing Count II of appellant's complaint which sought punitive damages on the breach of contract theory did not have the practical effect of putting appellant out of court. *See Hudock v. Donegal Mutual Insurance Co.*, 438 Pa. 272, 264 A.2d 668 (1970). Additionally, the trial court did not certify the appeal to our court, nor is the appeal authorized by statute. *See* 42 Pa.C.S. § 702. We note, however, that appellee has failed to file an objection to the jurisdiction of this court nor does he raise the issue on appeal.

Notwithstanding the foregoing, under our broad discretionary power of review, we have elected to entertain the instant appeal. *See* note to 42 Pa.C.S. § 704 (appellate court may grant relief on interlocutory order even though the trial court refuses to certify the appeal). We take this action because of the great importance of a quick resolution of the issue presented and the guidance such a decision will provide to those trial courts struggling with the difficult area of the Pennsylvania No–fault Motor Vehicle Insurance Act. *See generally, Heffner v. Allstate Insurance Co.*, 265 Pa.Super. 181, 401 A.2d 1160 (1979).

Practice § 11255 (1963, Supp. 1977); Annot., 47 A.L.R.3d 314 (1973). Few jurisdictions, however, have addressed the issue in the context of a no–fault automobile statute.

■ In the case of *Haagenson v. National Farmers Union Property and Casualty Company*, Minn., 277 N.W.2d 648 (1979), the plaintiff sued his insurance company for punitive damages for its "bad faith and malicious" refusal to pay no–fault benefits. In reversing the jury's award of punitive damages, the Minnesota Supreme Court concluded that in the absence of specific statutory provisions, extra–contract damages are not recoverable for breach of contract except in exceptional cases in which the breach is accompanied by an independent tort. Even in this regard, the court concluded, a malicious or bad faith motive in breaching a contract does not convert a contract action into a tort action. Because the Minnesota no–fault automobile act (Minn.Stat.Ann. § 65B.41 *et seq.*) did not contain provisions specifically allowing extra–contract damages, but only provided for an interest penalty (10% per annum) for overdue benefits, the Minnesota Supreme Court concluded that punitive damages were not recoverable.

One no–fault jurisdiction which appears to be receptive to the practice of allowing punitive damages for refusal to pay benefits is Utah. Even there, however, the Utah Supreme Court has not ruled specifically that punitive damages are recoverable, but has only intimated so. *See Jones v. Transamerica Insurance Co.*, Utah, 592 P.2d 609 (1979).

Pennsylvania's No–fault Act, similar to Minnesota's, does not make specific provision for the assessment of punitive damages against an insurance company that refuses to pay overdue benefits, but the Act does impose an interest penalty (18% per annum) on overdue no–fault benefits. 40 P.S. § 1009.106(a)(2).[3] In addition, the Act provides for the

---

**3.** Section 1009.106(a)(2) provides:

"No–fault benefits are overdue if not paid within thirty days after the receipt by the obligor of each submission of reasonable proof of the fact and amount of loss sustained, unless the obligor designates, upon receipt of an initial claim, for no–fault benefits,

assessment of attorney's fees against the insurance company under certain circumstances. 40 P.S. § 1009.107.[4] We conclude that the above cited provisions provide the exclusive remedies for a claimant under the Act and that the trial court properly sustained appellee's preliminary objections to Count II of appellant's complaint. Although this court generally has been liberal in allowing recovery of benefits under the Act, *see, e. g., Heffner v. Allstate Insurance Co.*, 265 Pa.Super. 181, 401 A.2d 1160 (1979), an interpretation which includes punitive damages for willful refusal to pay benefits would be an inappropriate exercise of legislative power. Under the Statutory Construction Act of 1972, 1

periods not to exceed thirty–one days each for accumulating all such claims received within each such period, in which case such benefits are overdue if not paid within fifteen days after the close of each such period. If reasonable proof is supplied as to only part of a claim, but the part amounts to one hundred dollars ($100) or more, benefits for such part are overdue if not paid within the time mandated by this paragraph. An obligation for basic loss benefits for an item of allowable expense may be discharged by the obligor by reimbursing the victim or by making direct payment to the supplier or provider of products, services, or accommodations within the time mandated by this paragraph. Overdue payments bear interest at the rate of eighteen per cent (18%) per annum."

4. Section 1009.107 provides:

"(1) If any overdue no–fault benefits are paid by the obligor after receipt by the obligor of notice of representation of a claimant in connection with a claim or action for the payment of no–fault benefits, a reasonable attorney's fee (based on actual time expended) shall be paid by the obligor to such attorney. No part of the attorney's fee for representing the claimant in connection with such claim or action for no–fault benefits shall be charged or deducted from benefits otherwise due to such claimant and no part of such benefits may be applied to such fee.

(2) If, in any action by a claimant to recover no–fault benefits from an obligor, the court determines that the claim or any significant part thereof is fraudulent or so excessive as to have no reasonable foundation, the court may award the obligor's attorney a reasonable fee based upon actual time expended.

The court, in such case, may direct that the fee shall be paid by the claimant or that fee may be treated in whole or in part as an offset against any benefits due or to become due to the claimant.

(3) If, in any action by a claimant to recover no–fault benefits from an obligor, the court determines that the obligor has denied the claim or any significant part thereof without reasonable foundation, the court may award the claimant's attorney a reasonable fee based upon actual time expended."

Pa.C.S. § 1501 *et seq.*, "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Id.* at § 1921(b). The language of the No–fault Act is clear regarding what remedies are available to appellant. If the legislature intended to provide for punitive damages in situations in which insurance companies willfully refuse to pay no–fault benefits, it easily could have so provided. Such an expectation is not unreasonable. Other states, *e. g.*, Illinois, Ill.Rev.Stat.1971, ch. 73, pars. 1065.150–1065.163,[5] have provided for such remedies in their respective insurance codes.

We note, additionally, that the result reached in the instant case is consistent with decisions of the federal district court and Pennsylvania's trial courts. *See, e. g., O'Shanick v. Allstate Insurance Co.*, 431 F.Supp. 382 (W.D. Pa.1977); *Jolley v. Nationwide Insurance Co.*, 7 Pa.D. & C.3d 797 (C.P.Phila.1978).[6]

Accordingly, the order of the court of common pleas is affirmed.

HOFFMAN, J., files a dissenting opinion.

HOFFMAN, Judge, dissenting:

Because I believe that we do not have jurisdiction to reach the merits of this appeal, I dissent. For the reasons which follow, I would quash the appeal.

First, I agree with the majority that the order appealed from is interlocutory. Additionally, the majority correctly notes that this appeal is not authorized by any statute, and that the trial court did not certify the appeal to our Court pursuant to section 702(b) of the Judicial Code, 42 Pa.C.S.

**5.** However, this statute, which provided for treble damages in cases of overdue benefits, was later declared unconstitutional by the Illinois Supreme Court. *See Grace v. Howlett*, 51 Ill.2d 478, 283 N.E.2d 474 (1972).

**6.** We also note that our decision here is consistent with the recent case of *Smith v. Harleysville Insurance Co.*, 275 Pa.Super. 246, 418 A.2d 705 (1980).

§ 702(b).[1] Nevertheless, the majority declares that "under our broad discretionary power of review, we have elected to entertain the instant appeal." Majority op. at 444 n.2. In so holding, the majority has ignored the long established principle that because our Court derives its jurisdiction and powers solely from statute, no right of appellate review exists in our Court unless expressly authorized by statute. *See, e. g., Commonwealth v. Harris,* 409 Pa. 163, 171, 185 A.2d 586, 590 (1962); *Bell Appeal,* 396 Pa. 592, 598, 152 A.2d 731, 734 (1959); *Commonwealth v. Guardiani,* 226 Pa.Super. 435, 437, 310 A.2d 422, 423–24 (1973).

Section 503(a) of the Appellate Court Jurisdiction Act of July 31, 1970,[2] provided in Part: "The failure of an appellee to file an objection to the jurisdiction of an appellate court ... shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court ...." Pursuant to this provision, our Court held that although an appeal from an interlocutory order was not authorized by law and the trial judge did not certify the issue as a controlling issue of law, we have discretionary power to entertain the appeal if appellee did not object to our jurisdiction. *See, e. g., Commonwealth v. Bennett,* 236 Pa.Super. 509, 345 A.2d 754 (1975); *McConnell v. Schmidt,* 234 Pa.Super. 400, 339 A.2d 578 (1975); *Commonwealth v. Rucco,* 229 Pa.Super. 247, 324 A.2d 388 (1974). Accordingly, if Section 503(a) governed this case, I would agree with the majority that we have jurisdiction to hear this appeal. This

---

1. Section 702(b) provides:
   When a court ..., in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

2. P.L. 673, No. 223, art. V (repealed) (formerly codified at 17 P.S. § 211.503(a)). Section 503(a) has been replaced by section 704 of the Judicial Code, 42 Pa.C.S. § 704, which went into effect on June 27, 1978.

appeal, however, was filed after the Judicial Code went into effect.

Section 704 of the Judicial Code provides in part:

(*a*) *General rule.*–The failure of an appellee to file an objection to the jurisdiction of an appellate court within such time as may be specified by general rule, shall, unless the appellate court otherwise orders, operate to perfect the appellate jurisdiction of such appellate court . . . .

(*b*) *Exception.*–Subsection (a) shall not apply to any defect in the jurisdiction of an appellate court which arises out of:

.     .     .     .     .

. . . An attempt to take an appeal from an interlocutory order which has not been made appealable by law or pursuant to section 702(b) (relating to interlocutory appeals by permission).

42 Pa.C.S. § 704. A plain reading of section 704 demonstrates that under the Judicial Code an appellate court no longer has the discretion to hear an appeal from an interlocutory order which has not been authorized by law or certified by the trial court under section 702(b). Any doubt regarding the intent of the Legislature is dispelled by the official source note accompanying section 704, which states that section 704(b)(2) was intended to overrule *Commonwealth v. Bennett, supra.*[3] Accordingly, because no statute authorizes this appeal, it should be quashed.[4]

**3.** The majority cites other language in that official source note as support for its conclusion that this Court has the discretionary power to entertain this appeal. The pertinent language is as follows: "The same relief will be available by petition for review of the refusal of the lower court to make the statement contemplated by 42 Pa.C.S. § 702(b)." The majority's reliance upon this language is misplaced because appellant did not request the trial court to certify its order.

**4.** Assuming, *arguendo*, that we do have discretion to reach the merits on this appeal, this is an inappropriate case for exercising jurisdiction. The majority states that it has decided to entertain this appeal "because of the great importance . . . of the issue presented and the guidance such a decision will provide to those trial courts struggling with the difficult area of the Pennsylvania No–fault Motor Vehicle Insurance Act." Majority op. at 444 n.2. This reasoning, however,

is refuted by the majority's citation of *Smith v. Harleysville Insurance Co.*, 275 Pa.Super. 246, 418 A.2d 705 (1980) (reargument en banc denied, April 29, 1980). *See* Majority op. at 623 n.6. In *Smith*, a panel of this Court held that an insurance company which refuses to pay benefits to its insured under the No–fault Act cannot be held liable for punitive damages. Accordingly, because this case presents the same issue as in *Smith*, there is no need to reaffirm that decision.