Beacon Motors, Inc. and Sable Motors Company, Petitioners *v.* Commonwealth of Pennsylvania, State Board of Motor Vehicle Manufacturers, Dealers and Salesmen and Auto Plaza, Inc., Respondents.

Argued May 9, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*John R. Luke, Luke & Anthony,* for petitioners.

*Joseph S. Rengert,* Assistant Attorney General, with him *Charles L. Ford,* Chief Counsel and *Edward G.*

*Beister, Jr.,* Attorney General, for respondent, Commonwealth of Pennsylvania.

*D. Michael Fisher,* for respondent Auto Plaza, Inc.

OPINION BY JUDGE BLATT, August 1, 1980:

The petitioners, Beacon Motors, Inc. and Sable Motors Company, are licensed new car dealers in Allegheny County. They appeal here from the State Board of Motor Vehicle Manufacturers, Dealers and Salesmen (Board) which granted a license to Auto Plaza, Inc. (respondent), to sell used cars at a location near the petitioners' dealerships.

In March of 1979, the petitioners filed a complaint with the Board alleging that the respondent was selling cars without a license to do so, in contravention of the Motor Vehicle Manufacturer's, Dealer's and Salesmen's License Act (Act), Act of December 21, 1973, P.L. 408, 63 P.S. §801 et seq. After conducting a hearing in July of 1979 concerning the complaint, the Board issued a preliminary order prohibiting the respondent from selling cars unless or until it was properly licensed. In April of 1979, however, the respondent had applied to the Board for a license and in August of 1979, the Board granted the license while the petitioners' complaint was evidently still under investigation by the Board. The petitioners contend here that the license was improperly granted and that, as a result of this alleged error by the Board, they will suffer adverse economic consequences. The respondent has filed a responsive motion to quash the appeal, arguing that: 1) the Board's order was not a final order as required by Pa. R.A.P. 341(a) for the purposes of an appeal, and 2) that the petitioners are not aggrieved parties as required by Pa. R.A.P. 501.

An order is considered final if it terminates litigation or disposes of an entire case. *T. C. R. Realty,*

*Inc. v. Cox,* 472 Pa. 331, 372 A.2d 721 (1977). And, as our Supreme Court recognized in *Adoption of G. M.,* 484 Pa. 24, 27-28, 398 A.2d 642, 644 (1979), "the proper approach in deciding whether an order is a final and hence an appealable one is to apply practical considerations after examining the ramifications of the order."

The practical ramification of the Board's licensure of the respondent here was to bring the respondent within the regulatory scheme of the Act and subject to the enforcement powers of the Board. Prior to the licensure, however, the only remedy available to the petitioners for the respondent's allegedly unlawful business activity was to obtain civil damages in a court of common pleas, as is provided by Section 812.1 of the Act, 63 P.S. §812.1. *See Feingold v. Bell of Pennsylvania,* 477 Pa. 1, 383 A.2d 791 (1977) (administrative agency is without power to award damages absent a specific statutory mandate). Once licensed, of course, the respondent comes under the purview of the Board's regulatory powers, so that the Board may now suspend or revoke the respondent's license for its violation of the Act.

Because, therefore, the Board has not terminated the petitioners' complaint, and because the Board's licensure of the respondent does not preclude the petitioners from presenting the merits of their claim before the Board, we must conclude that the Board's action complained of here was not a final order for the purposes of an appeal and that this appeal must be quashed. And, having so determined, we need not reach the further issue as to whether or not the petitioners would be aggrieved parties for the purposes of establishing their standing to appeal a final order of the Board.

## ORDER

AND NOW, this 1st day of August, 1980, the appeal of Beacon Motors, Inc. and Sable Motors Company is hereby quashed.