## Castore v. Chase

*Kenneth L. Rotz*, for plaintiffs.
*Walton V. Davis*, for defendants.

SPICER, *P.J.*, December 30, 1980—Plaintiffs filed a complaint on August 5, 1980 containing three counts in assumpsit and one in trespass. Joan C. Condravy and Janet Field-Pickering filed answers but Timothy D. Chase, David R. Pickering, "and alleged Defendants Joan C. Condravy and Janet Field-Pickering" filed preliminary objections

in the nature of a more specific pleading and in the nature of a demurrer. Neither counsel have commented on the fact that two defendants have both filed answers and preliminary objections and we will ignore the fact.

The complaint is detailed in describing a contractual arrangement for the erection of a house. Defendants were said to have been in the business of restoring, designing and constructing homes. Under the terms of the agreement, plaintiffs had the right either to remedy deficiencies in workmanship or to terminate the contract. The complaint states plaintiffs terminated the agreement on July 24, 1978.

Count I demands damages for "expedient repairs" caused by faulty workmanship. Count II demands damages for diminution of value or loss of bargain and Count III demands damages for consequential damages. Count IV, in trespass, alleged severe emotional distress, mental anguish and inconvenience resulting from defendants' breach.

We will discuss, first, the motion for a more specific pleading. The purpose of the motion is to ensure that defendants have the right and ability to answer and defend without being unduly impaired and are adequately informed of the issues they must meet. The motion will not be granted to develop matters which are essentially evidentiary: 2 Goodrich-Amram 2d §1017(b):9.

Defendants' objections to specific parts of the complaint will be discussed in the order presented:

In Paragraph 14 of count I, plaintiffs state there will be "additional damages in the future" to correct those defects "not yet corrected and to repair other defects which will, with reasonable certainty, result from those now present in the sum of $8,800.00."

The allegation, in this court's opinion, would permit the plaintiffs to "offer proof of any conceivable set of facts." Id., citing Shoemaker v. McKinney, 30 Northumb. 14 (1958). Defendants are entitled to know what defects will result from those already present. The motion is granted as to this paragraph.

Defendants say the allegations of Paragraph 11(d) which alleges "malfunctioning windows and doors due to improper installation" should allege the location and description of the windows and doors and the nature of the malfunction. They argue that "malfunction" could mean a variety of things and they are entitled to know more detail.

The court disagrees. We find the allegation to conform to the requirements of the rule and dismiss the motion as to this paragraph.

Paragraph 21(d) of count III states that plaintiffs were unexpectedly forced to store furniture and appliances in a garage because of the delay in completion and that damages in the amount of $2,500 resulted. We agree that defendants are entitled to a better description of the damages and how they resulted from storage in a garage. The motion shall be granted in this regard.

We think the allegations of Paragraph 21(e) are sufficient. They allege income tax losses because of required residence in another state due to the delay in construction.

Paragraph 21(f) alleges damages because of a delay in an electrical hookup because of a delay in getting the house under roof. We feel that defendants are entitled to know how this delay caused damages to plaintiffs. The motion is sustained.

Defendants have demurred to Count IV of the complaint which seeks damages for emotional distress caused by noncompletion.

Plaintiffs concede that the two Pennsylvania

lower courts which have dealt with this precise issue have both held there can be no recovery. In Carter v. Rohrer, 89 York 49 (1975), and Fesler v. R.C.H., Inc., 69 D. & C. 2d 686 (1974), it was held that recovery for mental suffering could not be based upon a breach of a construction agreement.

Both cases involved allegations under Restatement, Contracts, §341, which reads:

"In actions for breach of contract, damages will not be given as compensation for mental suffering, except where the breach was wanton or reckless and caused bodily harm and where it was the wanton or reckless breach of a contract to render a performance of such a character that the defendant had reason to know when the contract was made that the breach would cause mental suffering for reasons other than mere pecuniary loss."

This court notes that the Superior Court recently ruled that mental suffering could not be recovered as punitive damages in a case involving breach of an insurance contract: Gurnick v. Government Employees Insurance Company, _____ Pa. Superior Ct. _____, 420 A. 2d 620 (1980); Restatement, Contracts, §342. However, there are no appellate cases ruling on the issue of emotional distress as consequential damages.

Plaintiffs urge that the Rohrer and Fesler cases should be ignored because they were decided before the case of Sinn v. Burd, 486 Pa. 146, 404 A. 2d 672 (1979). It is correctly pointed out that Pennsylvania no longer follows either an impact or zone of danger rule in negligence cases. The rule, as enunciated in Sinn, supra, is that emotional distress is recoverable without an impact if it is reasonably foreseeable as a consequence of defendant's negligence.

However, Sinn did not abolish the impact rule in

Pennsylvania. That occurred, as was pointed out in the excellent opinion in Sinn, many years earlier: Niederman v. Brodsky, 436 Pa. 401, 261 A. 2d 84 (1970). Thus, Pennsylvania did not follow the impact rule when Rohrer and Fesler were decided. Niederman, supra, did not involve a breach of contract and is not controlling.

Although Justice Roberts said, in Niederman, that the cows came home in Pennsylvania when the court approved the position set forth in Restatement, 2d, Torts, §436(2), the pasture was torts and not contracts.

We are unaware of any change by the American Law Institute to remove the requirement of bodily injury from Restatement, Contracts, §341. Even assuming Niederman operates to remove the requirement, plaintiffs still must pass the second test of the section.

This test involves the type of contract under consideration. The contract must be of such a character that mental anguish is a reasonably foreseeable result caused by a breach.

Plaintiffs argue that this is a question of fact and they should be allowed to present their case to a jury. We disagree. While foreseeability is in most instances a question of fact, the qualifying or triggering condition involving this type of contract is a question of law.

It can be said that any instance in which a contract is breached is going to cause some mental anguish. The comments to the Restatement section make it clear, however, that the provisions of the section pertain to special types of contracts in which there is an inherent, reasonable likelihood that a contract breach will cause significant mental anguish. Those cases, set forth in illustrations

#1 through #5, all involve very sensitive areas of human emotions. None remotely resembles a construction agreement for the erection of a house.

It was said in Azzarello v. Black Bros. Co., Inc., 480 Pa. 547, 558, 391 A. 2d 1020 (1978) that the words "unreasonably dangerous" in Restatement, 2d, Torts, §402A, presented a legal question so that the court decides "whether, under plaintiff's averments of the facts, recovery would be justified." We think the same approach is appropriate with regard to Restatement Contracts, §341.

The court holds that a construction contract is not of a character that section 341 encompasses.

Therefore, the attached order will be entered.

## ORDER

And now, December 30, 1980, defendants' demurrer to count IV is granted and that count is dismissed. Defendants' motions for more specific pleading are granted as to Numbers 1, 3, and 5, and all other objections are dismissed.

Plaintiffs may file either an amendment to the complaint or a new complaint within 20 days of today's date.