946 A.2d 666

### In re The FOURTH DAUPHIN COUNTY INVESTIGATING GRAND JURY.

**Appeal of Joseph F. Sica.**

Supreme Court of Pennsylvania.

May 2, 2008.

Sal Cognetti, Jr., Esq., Foley, Cognetti, Comerford, Cimini & Cummins, Scranton, PA, for Joseph F. Sica, Appellant.

Edward Michael Marsico, Jr., Esq., Francis T. Chardo, III, Esq., Daupin County District Attorney's Office, Harrisburg, for Commonwealth of Pennsylvania, Appellee.

## *ORDER*

PER CURIAM.

The question presented is one of jurisdiction: is there a right of direct appeal to the Supreme Court of Pennsylvania from an order of the Supervising Judge accepting a Grand Jury presentment? We conclude that such an order is generally not final and therefore is not appealable.

This Court has jurisdiction over direct appeals from the Courts of Common Pleas in matters relating to a grand jury pursuant to 42 Pa.C.S. § 722(5) and Pa.R.A.P. 3331(a). Section 722 provides:

> The Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following classes of cases:

* * * *

> (5) Supersession of a district attorney by an Attorney General or by a court or where the matter relates to the convening, supervision, administration, operation or discharge of an investigating grand jury or otherwise directly affects such a grand jury or any investigation conducted by it.

42 Pa.C.S. § 722(5). Pa.R.A.P. 3331 governs the manner in which appeals seeking direct review of special prosecutions or

investigations shall proceed in this Court. The Rule specifically directs that such appeals shall be subject to review as described in Chapter 15 of the Rules of Appellate Procedure, and that review is limited to final orders, Pa.R.A.P. 3331(d). *See In re Dauphin County Fourth Investigating Grand Jury, Petition of Louis A. DeNaples and Mount Airy #1, LLC,* 596 Pa. 378, 943 A.2d 929 (2007) (only final orders in connection with Grand Jury are reviewable under Pa.R.A.P. 3331(d)). Final orders are defined in Pa.R.A.P. 341, which provides in pertinent part:

(a) General rule. Except as prescribed in subdivisions (d) and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.

(b) Definition of final order. A final order is any order that:

(1) disposes of all claims and of all parties;  or

(2) is expressly defined as a final order by statute;  or

(3) is entered as a final order pursuant to subdivision (c) of this rule.

(c) Determination of finality. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

Pa.R.A.P. 341(a)-(c).

Finality, for purposes of appeal, has been determined in this Court by looking at the practical ramifications of the order in question. *Adoption of G.M.,* 484 Pa. 24, 398 A.2d 642 (1979). A presentment is a recommendation by a Grand Jury that charges be brought. It is a summary of what the Grand Jury

heard during its tenure and what it concludes should happen with the information it assembled. Even once accepted by the Supervising Judge, a presentment has no binding effect and it settles no disputes or claims as to any parties. It is a recommendation that the District Attorney or the Attorney General, as the case may be, can accept or reject as a matter of independent prosecutorial judgment. *See Commonwealth v. Slick,* 432 Pa.Super. 563, 639 A.2d 482 (1994); *Commonwealth v. Mallon,* 356 Pa.Super. 493, 515 A.2d 1 (1986). Moreover, if the prosecuting authority elects to proceed with criminal charges, the defendant then has available all of the protections and rights of challenge available to all those criminally accused.

A presentment, in short, is not a final order in any practical sense. Pa.R.A.P. 341(b)(1). Moreover, nothing in the Grand Jury Act suggests that a presentment is a final order, and the issuing authority here did not certify the order. *See* Pa. R.A.P. 341(b)(2) & (3).

Accordingly, the Motion for Leave to Supplement Jurisdictional Statement and Application for Review is Granted. The Notice of Appeal is Quashed and the Application for Review is Denied.