Stewart, Appellant, *v.* Pittsburgh Railways Company.

Argued September 29, 1954. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Ralph S. Davis, Jr.,* with him *Evans, Ivory & Evans,* for appellant.

*Con F. McGregor,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, November 8, 1954:

Plaintiff appeals from the entry of judgment n.o.v. in his action of trespass for personal injuries resulting from being struck by defendant's street car.

In such an appeal plaintiff is entitled to the testimony most favorable to him with all reasonable inferences therefrom, and all conflicts in the testimony must be resolved in his favor. But even though the testimony be so taken, it cannot sustain a verdict for this plaintiff.

On a clear, dry day plaintiff was travelling west on Braddock Avenue in the City of Pittsburgh and, for the purpose of wiping his windshield, stopped his automobile with its right side at the curb. He had travelled on this street for a period of years and was well acquainted with it. Some 27 inches from the curb is the track on the private right of way of defendant, on which its street car was proceeding in an easterly direction. Plaintiff stated that prior to being struck, he had looked but did not see the street car approaching. This despite the fact that he had a clear view in that direction for some 500 feet. Nor did he hear any signal of the car's approach. Yet a passenger in his automobile saw the street car when it came into view at a point approximately 500 feet away; and when it was 300 feet away he "yelled . . . 'Mack [plaintiff], a street car,' but because there was traffic and noise he apparently didn't hear . . ." Plaintiff's testimony showed that, in wiping his windshield, he stood on the curb with his back to the rails for several minutes, that his body was over the line of the right of way, and he was struck on the hip while in this position.

The motorman of the street car, called by plaintiff as his own witness, established that he kept plaintiff

in full view from a distance of 500 feet; that when he first saw plaintiff he was standing still in front of his automobile; that he kept him in view at all times as he approached; that he began ringing his bell, at intervals, from a distance of a least 300 feet; and that "when I got within . . . 100 feet of the automobile he started around the right front of the car . . . As I . . . got within . . . 25 or 30 feet in front of the car, and I rang the bell, . . . he had his back toward me going toward the right side . . . I slowed the car down to about 15 or 20 miles an hour . . . He was looking in the opposite direction . . ." He further stated that plaintiff "first stepped around the front fender and into the path of . . . the street car" when it was only 25 or 30 feet away.

The case was given to the jury on the question of willful or wanton misconduct of defendant's motorman.

Plaintiff contends that the proof, taken most favorably for him, frees him of negligence and establishes fault in defendant. He further claims that there was sufficient proof of wanton misconduct and that contributory negligence is therefore no defense and the court thus erred in entering judgment n.o.v.

The testimony, however, does convict plaintiff of negligence. There can be no doubt that he could have seen or heard the approach of the street car. It was a clear day and plaintiff's view was unobstructed. His guest saw the street car at a distance of 500 feet, and when it was still 300 feet away, attempted to warn plaintiff of its coming. His testimony is that he did not hear any signal, but it also is to the effect that if a signal was given extraneous noises prevented his hearing it. What was said by this Court in *Bardis v. Philadelphia & Reading Ry.*, 267 Pa. 352, 354, 109 A.

621, is particularly applicable here: "There was ample space in which to work and be clear of all tracks, but he chose to stand in a place of known and obvious danger. Even then he could have looked and listened and could either have seen or heard the car approaching. In any event, it would have taken but the fraction of a second to have stepped out of its road . . . There can be no escape from the conclusion that he was guilty of contributory negligence."

Nor can it possibly be concluded that defendant was guilty of willful or wanton misconduct. Wanton misconduct " 'is something different from negligence however gross,—different not merely in degree but in kind, and evincing a different state of mind on the part of the tortfeasor . . . [it] exists where the danger to the plaintiff, though realized, is so recklessly disregarded that, even though there be no actual intent, there is at least *a willingness to inflict injury, a conscious indifference to the perpetration of the wrong.*' " (Italics supplied): *Zawacki v. Pennsylvania Railroad Company,* 374 Pa. 89, 91, 97 A. 2d 63. There is nothing here to establish such a state of mind in this motorman. On the contrary, all of the evidence points to a constant attention to his duties, with the inattention of plaintiff being the only cause of the accident. At most, it might be characterized as negligent conduct, which would not sustain a recovery for plaintiff since he was contributorily negligent.

Judgment affirmed.