## Dierolf v. Fioritto

*Bernard J. McLafferty*, for plaintiffs.
*Albert R. Subers*, for defendant.

DITTER, J., March 29, 1967.—This case comes before the court on plaintiffs' petition for leave to amend their complaint to aver that defendant was guilty of reckless and *wanton* conduct. The original complaint averred reckless, careless, and *negligent* operation of an automobile. The statute of limitations has run.

The right to amend pleadings should be liberally granted at any stage of the proceedings unless there is resulting prejudice to the adverse party. The Pennsylvania Rules of Civil Procedure have embodied this modern philosophy of jurisprudence and allow amendments so that justice for all parties may be achieved. However, an amendment introducing a new cause of action will not be permitted after the statute of limitations has run. This would constitute "resulting prejudice" to defendant. On the other hand, if the proposed amendment does not change the cause of action, but merely explains with greater particularity that which has already been averred, it should be allowed even though the statute has run: Schaffer v. Larzelere, 410 Pa. 402, 407 (1963).

If the prayer of plaintiffs' petition is granted, the effect will be to permit them to charge defendant with wanton misconduct. We must decide whether this would mean the introduction of a new cause of action or the mere amplification of their original claim for relief.

In Arlia v. Philadelphia Transportation Company (No. 1), 77 D. & C. 21 (1950), it was held that such an amendment could not be permitted after the running of the statute, since it amounted to the pleading of a different cause of action. An examination of the reasons advanced by plaintiffs in support of their petition and cases handed down since Arlia establish the soundness of that decision.

At the time of the accident which gave rise to this suit, Diane L. Dierolf was four years of age. She was struck by defendant's automobile while she was walking or running in the street. Discovery proceedings revealed that defendant had seen her at the curb to his left some two hundred feet before his car struck her. He also stated that she darted out from the curb when he was about 50 feet away. Just prior to the time that Diane ran into the street, she was with an older sister.

Plaintiffs' petition for leave to amend the complaint sets forth as their reason the fact that defendant has indicated that he will assert at trial that Diane's sister was guilty of contributory negligence. Diane's parents recognize that any such contributory negligence could be imputed to them and thus bar recovery for medical expenses. They seek to prevent this from occurring by showing wanton misconduct, to which contributory negligence is no defense: Kasanovich v. George, 348 Pa. 199, 204 (1943).

Among the tests to be applied when the question presented is whether an amended complaint presents a new cause of action are: Is the same defense available in each instance, and would the same measure of damages apply? (Saracina v. Cotoia, 417 Pa. 80, 85 (1965) ). Both of these questions must be answered in the negative. If wanton misconduct were established, defendant would be deprived of the defense of contributory negligence which is now available to him. Moreover, punitive damages may be imposed for wanton

misconduct, but they may not be in an ordinary negligence suit.

Another test is whether the amended complaint sets up an entirely different theory, charging a different kind of negligence: Wilson v. Howard Johnson Restaurant, 421 Pa. 455, 459 (1966). Wanton misconduct is something different from negligence, however gross, different not merely in degree but in kind, and evincing a different state of mind in the tortfeasor. It exists where the danger to plaintiff, though realized, is so recklessly disregarded that, even though there be no actual intent, there is at least a willingness to inflict injury; a conscious indifference to the perpetration of the wrong: Stewart v. Pittsburgh Railways Company, 379 Pa. 260, 263 (1954). It is quite apparent, therefore, that plaintiffs are seeking to state a new cause of action and not merely allege with greater particularity or in more detail that which defendant did.

And now, March 29, 1967, plaintiffs' petition for leave to amend their complaint is hereby refused.