## Jackson v. Waddle

*Michael M. Goss*, for plaintiff.
*John F. Naulty*, for defendant.

JAMISON, *J.*, May 18, 1979—Plaintiff has filed a motion to amend his complaint pursuant to Pa.R.C.P. 1033.

Plaintiff, Bernard Jackson, filed a complaint in trespass on August 29, 1978, seeking to recover for injuries sustained when he was allegedly struck by

a motor vehicle at the intersection of Girard Avenue and Fifth Street, Philadelphia, Pa., on September 15, 1977. Plaintiff alleged, in paragraph 5 of the complaint, that the accident resulted from defendant Sadie M. Waddell's negligent and careless driving. Plaintiff alleged in paragraph 6 of the complaint that he suffered from severe shock to the nervous system, injury to his head, neck, shoulders, arms, body and legs and permanent brain damage and impairment of intellectual and emotional faculties.

Plaintiff has requested leave of court to add a paragraph alleging that defendant's conduct was wanton, reckless, and in total disregard of the rights of plaintiff. In addition, plaintiff has requested leave to include in paragraph 6 an allegation that he suffered severe psychological trauma, causing emotional difficulties and causing plaintiff to get into difficulty with the authorities.

The right to amend a complaint should be liberally granted at any stage of the proceedings in the absence of prejudice to an adverse party: Kilian v. Allegheny Co. Dis., 409 Pa. 344, 185 A. 2d 517 (1962). A plaintiff may amend his complaint by the introduction of an added claim of damages arising from the same circumstances or amplify what was originally alleged in his complaint where the same negligence is charged: Schwab v. Osterling & Son, Inc., 386 Pa. 388, 126 A. 2d 418 (1956).

An amendment of a complaint to add an averment of reckless and wanton conduct by defendant where the original complaint averred careless and negligent operation of an automobile presents a new cause of action: Dierolf v. Fioritto, 42 D. & C. 2d 689 (1967). Wanton misconduct " 'is something different from negligence, however gross,—different not merely in degree but in kind,

and evincing a different state of mind on the part of the tortfeasor . . . [it] exists where the danger to the plaintiff, though realized, is so recklessly disregarded that, even though there be no actual intent, there is at least a *willingness to inflict injury, a conscious indifference to the perpetration of the wrong.'* " (Emphasis in original): Stewart v. Pittsburgh Railways Co., 379 Pa. 260, 263, 108 A. 2d 767 (1954), citing Zawacki v. Pennsylvania Railroad Co., 374 Pa. 89, 91, 97 A. 2d 63 (1953). Since, however, the statute of limitations has not run, defendant will not be prejudiced by the amendment adding a cause of action: 2 Goodrich-Amram 2d, §1033:4.1 (1976).

## ORDER

And now, May 18, 1979, plaintiff's motion to amend his complaint to add an averment of reckless and wanton conduct by defendant and to amplify the damages sustained by plaintiff is hereby granted.