Francis J. BATKA

v.

## LIBERTY MUTUAL INSURANCE COMPANY.

Civ. A. No. 78–3226.

United States District Court,
E. D. Pennsylvania.

Feb. 28, 1980.

---

Albert Ring, Philadelphia, Pa., for plaintiff.

Michael J. Izzo, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

This is an action for breach of contract of insurance arising from defendant's denial of insurance coverage for a loss caused by a fire in plaintiff's home. Both parties agree that the fire was deliberately set. Defendant claims that plaintiff was the arsonist, and has thus refused to reimburse plaintiff pursuant to terms of the insurance contract. Plaintiff, alleging that this refusal is "outrageous", "evil-minded", "wrongful in motive", and "malicious", included in his complaint a claim for punitive damages. Defendant has now moved for summary judgment on the punitive damage claim, and both parties agreed at conference that the motion could be decided without oral argument pursuant to Fed.R.Civ.P. 78.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). Pursuant to this standard, summary judgment should be granted against plaintiff with respect to his punitive damage claim.

Punitive damages are not recoverable in a contract action in Pennsylvania. *Fincke v. Phoenix Mutual Life Insurance Co.*, 448 F.Supp. 187, 191 (W.D.Pa.1978); *Carpel v. Saget Studios, Inc.*, 326 F.Supp. 1331, 1334 (E.D.Pa.1971); *Hoy v. Gronoble*, 34 Pa. 9 (1859); *Wood v. Hahnemann Medical College and Hospital of Philadelphia*, 1 D. & C.3d 674, 675 (C.P.Phila.1976). However, plaintiff seems to be relying, without explicitly so stating, upon a theory of infliction of emotional distress caused by wrongful refusal to pay a legitimate claim. Noting that contracts are generally held to contain implied covenants of fair dealing and good faith, plaintiff argues that "punitive damages are proper in a breach of insurance contract case where it is shown that conduct of the wrongdoer indicated a heedless disregard of consequences, malice, gross fraud or oppressive conduct." Plaintiff's brief at 3. In support of this proposition, plaintiff cites two Philadelphia Common Pleas Court cases, *Collins v. Safeguard Mutual Ins. Co.*, No. 3478 (C.P. Phila., March Term 1979) and *Finney v. Safeguard Mutual Ins. Co.*, No. 988 (C.P.Phila., October Term, 1978), in which the plaintiff was allowed to pursue a punitive damage count. This, however, is not the law of Pennsylvania. The Superior Court of Pennsylvania recently affirmed a trial court's dismissal of a punitive damage claim pursuant to a preliminary objection in the nature of a demurrer in a strikingly similar case. *D'Ambrosio v. Pennsylvania National Mutual Casualty Ins. Co.*, —— Pa.Super. ——, 396 A.2d 780 (1978).[1] The *D'Ambrosio* court stated:

Pennsylvania courts have recognized mental distress or emotional distress without physical injury or impact, but in very narrow and clear factual situations and never in a simple breach of contract situation. *See Niederman v. Brodsky*, 436 Pa. 401, 261 A.2d 84 (1970); *Bowman v. Sears, Roebuck & Co.*, 245 Pa.Super. 530, 369 A.2d 754 (1976).

---

1. In *D'Ambrosio*, plaintiff filed an action in assumpsit for breach of contract of insurance, and added a claim in trespass "alleging the denial of the claim to be outrageous, malicious and oppressive" leading to mental distress, anxiety, embarrassment and humiliation. *D'Ambrosio v. Pennsylvania National Mutual Casualty Ins. Co.*, —— Pa.Super. ——, 396 A.2d 780, 781 (1978).

To overrule the demurrer in this case would be to place insurance companies into a situation wherein they would be risking a tort action every time they denied insurance coverage no matter how frivolous the claim. Such a situation would ultimately result in ever-increasing insurance premiums to the benefit of no one.

—— Pa.Super. at ——, 396 A.2d at 781. Furthermore, my colleague Judge Luongo recently rejected the same argument plaintiff is making in this case, stating:

As noted, defendant's argument begins with the premise that a duty of good faith and fair dealing is an implied term in all contracts as a matter of Pennsylvania law. For purposes of this case that can be assumed to be true. . . . But it is a broad jump from that premise to the conclusion that breach of this duty should be separately actionable in tort merely because the duty is imposed by law rather than by consensual agreement of the parties. Not every breach of a legal duty is actionable in tort. . . . It is true that contract obligations have been held to give rise to tortiously actionable duties under Pennsylvania law. . . Generally this has occurred with respect to matters beyond the scope of the contract, however—e. g., personal injury to persons not parties to the contract . . . Where, as in this case, the injury that occurs is within the scope of the contract itself, the policy of maintaining the distinction between tort and contract actions applies with much greater force. The injury for which defendants seek redress . . . is purely economic and is compensable in an action on the contract itself. I do not believe that Pennsylvania would superimpose tort law on that contract action merely to allow recovery of punitive damages for breach of the implied contract term.

*Iron Mountain Security Storage Corp. v. American Speciality Foods, Inc.*, 457 F.Supp. 1158, 1166 (E.D.Pa.1978) (citations omitted). Thus plaintiff is not entitled to recover punitive damages in this case as a matter of substantive Pennsylvania law.

Even assuming *arguendo* that plaintiff would be entitled to recover punitive damages if he could show "heedless disregard of consequences, malice, gross fraud or oppressive conduct", summary judgment against him would be proper in this case because he has failed to establish a genuine issue as to the existence of such facts. Defendant established in its brief through deposition testimony of the plaintiff and answers to interrogatories that there is no evidence supporting plaintiff's assertions. Fed.R.Civ.P. 56(e) states that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Nevertheless, plaintiff's memorandum contains no such specific facts, but merely relies upon the allegations contained in the complaint. Thus I must rule that there exists no genuine issue as to any facts supporting an award of punitive damages. Because, as noted above, summary judgment is also appropriate as to the punitive damage counts as a matter of law, partial summary judgment will be entered.