Vincent J. MAZZULA

v.

MONARCH LIFE INSURANCE CO.

Civ. A. No. 79–520.

United States District Court,
E. D. Pennsylvania.

April 18, 1980.

Frank J. Marcone, Media, Pa., for plaintiff.

Stephen S. Phillips, John A. Guernsey, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The plaintiff, Vincent Mazzula, the insured under a disability insurance policy issued by the defendant Monarch Life Insurance Company, instituted this action against the defendant after the defendant terminated the monthly disability payments that it had been making to the plaintiff under the policy. The complaint contains

two counts. In Count I, the plaintiff demands that the defendant resume payment of the monthly disability allowance under the policy and pay with interest the payments allegedly due in the past but not made. Count II of the complaint demands punitive damages of $10,000,000.00 on the basis that: (1) the defendant never intended to pay the plaintiff under this policy and purposefully and maliciously refused to pay the benefits due to the plaintiff under the policy; and (2) that the actions of the defendant caused the plaintiff to suffer anxiety, nervousness, and distress.

The defendant has moved to dismiss Count II of the complaint under Fed.R. Civ.P. 12(b)(6) on the ground that Count II fails to state a claim upon which relief can be granted in either assumpsit or tort. Subject matter jurisdiction is based on diversity of citizenship. For the reasons hereinafter set forth, the defendant's motion to dismiss Count II will be granted.

■ In ruling on a motion to dismiss, the Court must assume that all of the plaintiff's allegations are true and all inferences favorable to the plaintiff must be drawn. *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884 (3d Cir. 1977). Furthermore, pursuant to Fed.R. Civ.P. 8(f), we shall construe Count II of the complaint in a manner that does "substantial justice."

The preamble of the complaint states that the complaint is filed "in Assumpsit and Trespass for punitive damages." Count I of the complaint alleges what appears to be a claim in assumpsit alleging that the plaintiff purchased a disability insurance policy from the defendant in 1962, that he fulfilled the terms of the policy, paid the premiums required by the policy, and in 1971 became totally disabled under the terms of the policy. It further alleges that the defendant began to make monthly disability payments to the plaintiff as required by the policy, but that the defendant terminated the payments in 1973, and although it resumed the payments sometime "prior to 1976," it again ceased making payments to the plaintiff in July of 1976

and has not made any further payments since that date. As previously stated, the damages demanded in Count I are the payments allegedly due under the contract of insurance.

Count II, which incorporates by reference the preamble and the allegations in Count I of the complaint, alleges that the defendant drafted the policy "with an intent to defraud the plaintiff" and that the defendant had "maliciously . . . [misled] the plaintiff to believe he had purchased a policy affording coverage." The plaintiff further alleges that the defendant "maliciously refused to pay" the policy's monthly disability benefits and that the defendant's actions were designed to intentionally harass and annoy the plaintiff and as a result the plaintiff suffered anxiety and distress. Count II demands punitive damages only, and is not specific as to whether the claim for punitive damages is being made on the basis of an action in assumpsit or a tort action. We will therefore determine whether, under Pennsylvania law, Count II states a claim upon which relief can be granted either in an action in assumpsit or in trespass.

■ We must apply Pennsylvania law to the plaintiff's allegations pleaded in Count II of the complaint. In interpreting Pennsylvania law, we are bound by the decisions of the Supreme Court of Pennsylvania. *National Surety Corp. v. Midland Bank*, 551 F.2d 21 (3d Cir. 1977). Where the highest court of Pennsylvania has not decided an issue, however, we must predict the manner in which that court would decide the issue. *Becker v. Interstate Properties*, 569 F.2d 1203 (3d Cir. 1977), *cert. denied*, 436 U.S. 906, 98 S.Ct. 2237, 56 L.Ed.2d 404 (1978). In making such a prediction, decisions of the Superior Court of Pennsylvania may be considered "as an indication of how the state's highest court would rule." *Adams v. Cuyler*, 592 F.2d 720, 725 n.5 (3d Cir. 1979).

### A. Recovery of Punitive Damages in a Contract Action

■ As heretofore pointed out, the plaintiff in Count II demands punitive damages only and does not state whether his

claim for punitive damages is in assumpsit or trespass. We shall, however, assume that in Count II the plaintiff has alleged a breach of contract action based on the defendant's breach of its duty as an insurer to deal fairly and in good faith with the plaintiff. In *Gray v. Nationwide Mutual Insurance Co.*, 422 Pa. 500, 223 A.2d 8 (1966), the Supreme Court of Pennsylvania acknowledged the existence of a contract action by an insured party against his insurer for breach of the insurer's duty to deal fairly and in good faith with an insured party. The *Gray* Court stated that an insurer had an obligation to represent in good faith the rights of the insured, and held that:

> a breach of such an obligation constitutes a breach of the insurance contract for which an action in assumpsit will lie. *Id.* 223 A.2d at 11.

There is nothing in *Gray,* however, authorizing the recovery of punitive damages in such an action of assumpsit. On the contrary, it is well established law in Pennsylvania that punitive damages are not recoverable in an action in assumpsit. *Fincke v. Phoenix Mutual Life Insurance Co.*, 448 F.Supp. 187 (W.D.Pa.1978); *Carpel v. Saget Studios, Inc.*, 326 F.Supp. 1331 (E.D.Pa. 1971); *Pittsburgh, C. & St. L. Ry. Co. v. Lyon*, 123 Pa. 140, 16 A. 607 (1889); *Restatement of Contracts*, § 342. Therefore, assuming Count II attempts to allege a breach of contract action for breach of the insurer's duty of fair dealing as authorized by *Gray*, it must be dismissed for failure to state a claim upon which relief can be granted since it demands punitive damages only in an action of assumpsit.

### B. *Recovery of Punitive Damages in Tort for Intentional Infliction of Emotional Distress*

If we consider Count II of the complaint as seeking punitive damages only in a trespass action, the allegations of Count II may be interpreted as pleading an action in tort for intentional infliction of emotional distress. Section 46 of the *Restatement (Second) of Torts*, which defines the elements of this action, provides:

> One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

Our Third Circuit, in *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265 (3d Cir. 1979), delineated the following four requisites for a cause of action brought pursuant to section 46: (1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) the conduct must cause emotional distress; and (4) the emotional distress must be severe. Of course, the issue which must be determined is whether section 46 is the law in Pennsylvania, and, if so, whether section 46 is applicable to the situation pleaded by the plaintiff alleging that the defendant insurance company, by acting outrageously in refusing to pay a claim made by the plaintiff, intentionally inflicted emotional distress upon the plaintiff. In *Chuy*, the Court stated:

> Although the Pennsylvania Supreme Court has not as yet specifically adopted in its entirety . . . [section 46 of the *Restatement (Second) of Torts*], Pennsylvania courts have signalled their acceptance of this evolving tort. *Id.* at 1273.[1]

In *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Co.*, 262 Pa.Super. 331, 396 A.2d 780 (1978) (allocatur

---

1. As authority for the proposition that the courts of Pennsylvania have "signalled" their acceptance of the tort of intentional infliction of emotional distress, *Chuy* cited *Papieves v. Lawrence*, 437 Pa. 373, 263 A.2d 118 (1970), which appears to be the only case in which the Supreme Court of Pennsylvania has permitted recovery for intentional infliction of emotional distress. In *Papieves*, the defendant, who had accidentally killed the plaintiffs' son, failed to notify anyone of the accident and buried the body in an attempt to prevent discovery. The *Papieves* Court appears to have limited its holding to claims:

> for serious mental or emotional distress directly caused by the intentional and wanton acts of mishandling a decedent's body . . . . *Id.,* 263 A.2d at 121.

granted March 28, 1979), the Superior Court of Pennsylvania, in a per curiam opinion, specifically held that an allegation based on section 46 of the *Restatement (Second) of Torts* that an insurance company intentionally inflicted emotional distress upon an insured party by acting outrageously in refusing to pay a claim made by the insured party does not state a claim upon which relief can be granted under Pennsylvania law. The per curiam opinion states that to permit such a cause of action would:

> place insurance companies into a situation wherein they would be risking a tort action every time they denied insurance coverage no matter how frivolous the claim. . . . [W]e find no authority for the tort action under the Pennsylvania law. *Id.,* 396 A.2d at 781.

In his dissenting opinion *D'Ambrosio,* Judge Spaeth points out that other jurisdictions permit an insured party to sue his insurer under section 46 of the *Restatement (Second) of Torts* for intentional infliction of emotional distress in situations where the insurer "has acted outrageously in refusing to pay a claim." *Id.,* 396 A.2d at 782. *Eckenrode v. Life of America Insurance Co.,* 470 F.2d 1 (7th Cir. 1972); *Fletcher v. Western National Life Insurance Co.,* 10 Cal.App.3d 376, 89 Cal.Rptr. 78 (1970). Judge Huyett of this court, relying upon the per curiam opinion in *D'Ambrosio,* has held that an allegation of intentional infliction of emotional distress caused by an insurer who has acted outrageously in refusing to pay a claim made by the insured party does not state a claim upon which relief can be granted under Pennsylvania law. *Batka v. Liberty Mutual Insurance Co.,* 486 F.Supp. 582 (E.D.Pa.1980).

As previously stated, our Third Circuit in *Adams, supra,* points out that federal courts:

> are not bound to, but may consider pronouncements of state intermediate appellate courts as an indication of how the state's highest court would rule. *Adams, supra,* at 725 n.5.

Although we are impressed by Judge Spaeth's dissent in *D'Ambrosio,* we feel compelled to predict that the Supreme Court of Pennsylvania will probably follow the per curiam opinion in *D'Ambrosio,* and hold that an allegation of intentional infliction of emotional distress caused by an insurer who has acted outrageously in refusing to pay a claim made by an insured party fails to state a claim upon which relief can be granted under Pennsylvania law.

Many "signals" have influenced our prediction concerning the law of Pennsylvania on this issue. Other "signals", including a decision of the issue by the Supreme Court of Pennsylvania, may be forthcoming. We therefore invite counsel to bring any such "signals" to our attention. We are not unmindful that our prediction that *Berkebile v. Brantly Helicopter Corp.,* 462 Pa. 83, 337 A.2d 893 (1975), was not the law of Pennsylvania has resulted in a lengthy retrial in this Court, and we seriously regret that we do not have available a mechanism for eliminating such uncertainties.

### C. Recovery of Punitive Damages in Tort for Breach of an Insurer's Duty of Fair Dealing

If we consider Count II of the complaint as seeking recovery of punitive damages only in a trespass action, the allegations of Count II may also be interpreted as pleading an action for infliction of emotional distress based upon the breach of the defendant insurance company's duty to deal fairly and in good faith with the plaintiff. Although the Supreme Court of Pennsylvania held in *Gray, supra,* that there is an action in assumpsit for breach of an insurer's duty of fair dealing, it has not specifically decided whether there is a trespass action for breach of this duty.

In *D'Ambrosio, supra,* previously discussed in connection with the possibility of a cause of action pursuant to section 46 of the *Restatement (Second) of Torts,* the per curiam opinion of the Superior Court affirmed a demurrer to the complaint which alleged a trespass action based upon the breach of the insurer's duty of fair dealing.

The *D'Ambrosio* Court's denial of the existence of this tort action was recently confirmed by that same court in *Smith v. Harleysville Insurance Co.*, —— Pa.Super. ——, —— A.2d —— No. 336 (Pa.Super.Ct. Feb. 22, 1980). And as pointed out in our discussion concerning the possibility of an action under section 46 of the *Restatement (Second) of Torts*, Judge Huyett of this court relied upon *D'Ambrosio* in making a determination that the infliction of emotional distress based upon the breach of an insurer's duty of fair dealing does not state a cause of action under Pennsylvania law. *Batka, supra.*

█ In his dissenting opinion, Judge Spaeth points out that the decision of the Supreme Court of Pennsylvania in *Gray, supra* does not prohibit a tort action for breach of an insurer's duty of fair dealing, and urges that Pennsylvania should adopt the law of California declaring the existence of such a remedy in *Gruenberg v. Aetna Insurance Co.*, 9 Cal.3d 566, 108 Cal. Rptr. 480, 510 P.2d 1032 (1973). We must again predict what the Supreme Court of Pennsylvania will do, and in accordance with *Adams, supra*, we predict that the Supreme Court of Pennsylvania will probably follow the per curiam opinion in *D'Ambrosio* and hold that an allegation for infliction of emotional distress based upon the breach of an insurer's duty of fair dealing fails to state a claim upon which relief can be granted.

### D. *Conclusion*

After having construed Count II of the complaint in a manner to do substantial justice, we conclude that it fails to state a claim upon which relief can be granted under Pennsylvania law in either assumpsit or trespass. We will therefore grant defendant's motion to dismiss Count II of the complaint. An appropriate Order will accordingly be entered.