**Bellefonte Area School Dist.
v. Modernfold Industries**

304

*Richard C. Glazer* and *Richard L. Campbell*, for plaintiff.

*Arthur G. Stein* and *James Hines*, for defendant.

BROWN, Jr., *P.J.*, September 4, 1981—

## FACTUAL BACKGROUND

This matter comes before the court upon plaintiff's petition to amend the complaint.

Plaintiff brings this action to recover for damages resulting from a fire in plaintiff's senior high school building on or about March 13, 1978. Plaintiff's original complaint, filed February 27, 1980, consists of three counts. Count I, in trespass, alleges defective manufacturing, supply and distribution of Soundmaster 160 folding partitions. Said count further asserts defendant's failure to warn plaintiff and other purchasers generally as to the flammability, combustibility, flame spread and other safety characteristics of the Soundmaster 160 folding partitions. Count II, also in trespass, asserts strict liability against defendant. Count III, in assumpsit, alleges the breach of implied and express warranties, in connection with the supply, sale and installation of the allegedly defective folding partitions.

On May 12, 1981, plaintiff filed a petition to amend the complaint. Plaintiff states that the "reason for the request is that during the course of discovery, plaintiff has discovered that defendant has intentionally misrepresented the flammability, combustibility, flame spread and other safety characteristics of its product, Soundmaster 160, which conduct constitutes a malicious, reckless, willful, wanton and intentional disregard for the safety of Plaintiff's property and the lives of the people who would occupy Plaintiff's building." The proposed amended complaint would add a separate count, Count IV, seeking punitive damages.

## DISCUSSION

Pennsylvania Rule of Civil Procedure 1033 provides:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted."

The problem created by the proposed amendment, as conceded by plaintiff, is that the statute of limitations for a trespass action expired on March 14, 1980. The right to amend pleadings is normally granted with liberality so as to secure the determination of cases on their merits whenever possible: Saracina v. Cotoia, 417 Pa. 80, 208 A. 2d 764 (1965). However, an amendment which seeks to introduce a new cause of action after the statute of limitations has run is prejudicial to a defendant and

is not permitted: Kuisis v. Baldwin—Lima—
Hamilton Corp., 457 Pa. 321, 319 A. 2d 914 (1974).
The question then is whether or not the proposed
amendment sub-judice constitutes a new cause of
action.

No Pennsylvania appellate court has specifically
addressed the issue of whether a complaint alleg-
ing negligence and seeking compensatory damages
may be amended to include a count for punitive
damages arising from reckless or intentional mis-
conduct after the statute of limitations has run. The
common pleas courts which have dealt with this
issue are split. Plaintiff cites Schneider et ux. v.
Chalfonte Builders, Inc., 11 Bucks 122 (1961), in
support of its position that the proposed amend-
ment is merely a change in the amount of damages
claimed. Defendant cites Fanelli et al. v. Philadel-
phia Electric Co., 93 Montgomery Co. L.R. 175
(1970); Dierolf v. Fioritto, 42 D. & C. 2d 689 (1967);
and Arlia v. Philadelphia Transportation Co., 77
D. & C. 21 (1950), for the proposition that the pro-
posed amendment would create a new cause of ac-
tion and would be barred by the statute of limita-
tions. Our research has further disclosed a more
recent case which, by way of dicta, supports de-
fendant's position: Jackson v. Waddle, 11 D. & C.
3d 61 (1979).

We feel that defendant's argument is more com-
pelling in the case sub-judice. Although punitive
damages may be a mere incident to a cause of ac-
tion as was pointed out in Hilbert v. Roth, 395 Pa.
270, 149 A. 2d 648 (1959), (the decision upon which
Schneider, supra, relies) we are not dealing with a
simple amendment to an ad damnum clause. What
we are dealing with in this case is the amendment
of the complaint in order to add the necessary fac-
tual averments which would permit the recovery of

punitive damages for intentional misrepresentation. The averments which would result from the proposed amendment read as follows:

"18. At all times material herein, Defendant had actual knowledge that the use of Soundmaster 160 folding partitions in Plaintiff's High School created an extreme fire hazard and an unreasonable risk to persons and property.

19. Despite such actual knowledge, Defendant Modernfold willfully, wantonly and in reckless disregard for Plaintiff and others similarly situated, not only concealed its knowledge of such fire hazards, but made no attempt to warn or inform Plaintiff of said dangers and hazards, and continued to promote, advertise and sell its products as being suitable and safe for the purposes intended.

20. The aforedescribed conduct by Modernfold constitutes a malicious, reckless, willful, wanton and intentional disregard for the safety of Plaintiff's property, and the lives of the people who would occupy Plaintiff's High School.

21. As a direct result of Modernfold's willful, wanton, and intentional misrepresentations and conduct, Plaintiff believes and therefore avers that it is entitled to puntive and/or exemplary damages against Modernfold Industries, in a total amount of TEN MILLION DOLLARS ($10,000,000.00)"

Plaintiff argues that defendant was put on notice of the conduct for which punitive damages were sought by the averments in paragraphs 6 (a) through 6 (g), and 9 (a) and 9 (b). Those paragraphs read as follows:

"6. The occurrence referred to in paragraph 4 hereof and the consequent damage to plaintiff's property was caused by the negligence, careless-

ness and negligent omissions of defendant Modernfold in:

(a) defectively manufacturing and developing said Soundmaster partitions for use in plaintiff's High School when it knew, or in the ordinary exercise of care should have known, that said Soundmaster partitions were extremely hazardous and unreasonably dangerous in that they were highly combustible and flammable when exposed to heat or flame;

(b) selling and distributing said Soundmaster partitions in a defective condition which defendant knew or should have known subjected plaintiff's property to an unreasonable risk of harm;

(c) failing to properly and adequately conduct tests reasonably related to determining the true properties and characteristics of said Soundmaster partitions with regard to their flammability, combustibility, flame spread and other safety characteristics, thereby subjecting plaintiff's property to an unreasonable risk of harm;

(d) failing to properly and adequately warn plaintiff and the public in general as to the flammability, combustibility, flame spread and other safety characteristics of said Soundmaster partitions, thereby subjecting plaintiff property to an unreasonable risk of harm;

(e) continuing to make improper references to certain tests regarding the flammability, combustibility, flame spread and other safety characteristics of said Soundmaster partitions when defendant knew or should have known that the tests referred to were misleading and misrepresented the true characteristics of Soundmaster partitions in an actual fire situation, thereby subjecting plaintiff's property to an unreasonable risk of harm;

(f) utilizing tests developed under the auspices of Underwriters Laboratory (UL) and the American Society for Testing and Materials (ASTM) to improperly mislead plaintiff and other consumers regarding the true characteristics of said Soundmaster partitions and to misrepresent the flammability, combustibility, flame spread and other safety characteristics of said Soundmaster partitions, thereby subjecting plaintiff's property to an unreasonable risk of harm; and

(g) otherwise failing to exercise proper and adequate care under the circumstances."

. . .

"9. The occurrence referred to in paragraph 4 hereof and the consequent damage to plaintiff's property was caused by the actions of defendant Modernfold in:

(a) supplying defectively manufactured products which it knew or should have known subjected the property of plaintiff to an unreasonable risk of harm; and

(b) selling the aforesaid Soundmaster partitions in a defective condition unreasonably dangerous to the plaintiff and its property."

From a comparison of the averments which actually appear in the complaint with those which are sought to be added by the proposed amendment, it is clear that no allegations of willful, wanton and intentional misconduct or misrepresentations appear in the complaint as filed. It is also clear that negligence and wanton misconduct are not one and the same. As the Pennsylvania Supreme Court stated in Stewart v. Pittsburgh Railways Co., 379 Pa. 260, 108 A. 2d 767 (1954), "Wanton misconduct is something different from negligence how-

ever gross—different not merely in degree but in kind, and evincing a different state of mind on the part of the tortfeasor. It exists where the danger to the plaintiff, though realized, is so recklessly disregarded that, even though there be no actual intent, there is at least a willingness to inflict injury, a conscious indifference to the perpetration of the wrong." Stewart, supra, 379 Pa. at 363, 108 A. 2d at 768. We feel that the quoted material demonstrates that the proposed amendment herein would constitute a new cause of action based on facts and allegations not previously appearing in the complaint and cannot be considered as a simple amplification of facts which have already been plead.

Plaintiff's final argument is that the law is not clear that punitive damages may not be sought in some contract actions. We disagree. At least one court of common pleas has held that punitive damages may not be recovered in an action for breach of warranty: Krebs-Stengel Co., v. Gora, 70 York 207 (1957). Moreover, the general rule in this Commonwealth has always precluded recovery for punitive damages in actions in assumpsit: Hoy v. Gronoble, 34 Pa. 9 (1859); Batka v. Liberty Mutual Insurance Co., 486 F. Supp. 582 (E.D. Pa. 1980); Gurnick v. Government Employees Insurance Co., 278 Pa. Superior Ct. 437, 420 A. 2d 620 (1980); Wood v. Hahnemann Medical College, 1 D. & C. 3d 674 (1976).

## ORDER

And now, September 4, 1981, upon consideration of plaintiff's petition to amend the complaint, said petition is hereby denied.