**IDEAL DEVELOPMENT CO.**
v.
**Louis B. COSTELLO, Peter E. Costello and Howard D. King.**
Civ. A. No. 27226.

United States District Court
E. D. Pennsylvania.
May 9, 1963

366

White & Williams, LeRoy E. Perper, Philadelphia, Pa., Herbert Semmel, New York City, of counsel, for plaintiff.

Henderson, Wetherill & O'Hey, Norristown, Pa., Knox Henderson, Norristown, Pa., for defendants.

JOSEPH S. LORD, III, District Judge.

■ Defendants in this action for damages for breach of a contract to purchase real estate have moved for summary judgment on two grounds. Firstly, they contend that a novation relieved them of personal liability under the contract, it having been contemplated that defendants would form a corporation which would assume all obligations. The contract does not *in haec verba* relieve defendants of liability, and supporting affidavits have been submitted that such was the intention of the parties. The matter is obviously one to be decided by the fact finder rather than on motion for summary judgment. For the same reason, plaintiff's motion to strike this defense will be denied.

■ Secondly, defendants contend that plaintiff's requested remedy is inappropriate thereby entitling them to summary judgment. Plaintiff, the assignee of a contract to buy certain land had entered into a contract to sell the same land to defendants. On defendants' alleged breach plaintiff retained the deposit money and has here sued, claiming as damages the difference between the price it would have paid to buy the land and the price defendants agreed to pay. There is no allegation of the fair market value of the land, and defendants assert that under Pennsylvania law a seller of land in a suit for damages for breach is limited to the difference between the price specified in the agreement and the value of the property, established either by resale or by proof of its fair market value. Assuming the above to be a correct statement of the law, the issue is one which would be resolved by the trial judge in defendants' favor in the absence of proof of value, for of course plaintiff is not barred by his complaint from proving a proper measure of damages. Compare Fed.R.Civ.P. 54(c): "* * * every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

ORDER

And now, May 9th, 1963, it is ordered that the defendants' motion for summary judgment is denied; plaintiff's motion to strike defendants' second defense is denied.