ORLANDO REMAK, et al.

v.

LEROY A. QUINN, Comm. of Finance,
ORLANDO REMAK, YVONNE REMAK, and ROLANDO
REMAK, Appellants

No. 79-1294

United States Court of Appeals

Third Circuit

Argued December 4, 1979

Filed December 27, 1979

ALLAN A. CHRISTIAN, ESQ. (CHRISTIAN AND CHARLES), Frederiksted, St. Croix, V.I., *for appellants*

ALAN E. COBB, ESQ., Assistant U.S. Attorney (Department of Law), St. Thomas, V.I., *for appellee*

Before GIBBONS, WEIS and GARTH, *Circuit Judges*

GIBBONS, *Circuit Judge*

Orlando Remak, Yvonne Remak and Rolando Remak appeal from a summary judgment in favor of Leroy A. Quinn, Commissioner of Finance, on their petition for redetermination of income tax liability on the proceeds of a winning ticket on the Virgin Islands Lottery. They contend that the ticket was purchased by Orlando and Yvonne Remak, alien parents of Rolando Remak, infant citizen, and that the proceeds belong to him. If Rolando is the owner he is eligible for a special tax subsidy of $14,829.80. If the parents are the owners, they as aliens are not eligible for that subsidy. 26 U.S.C. § 934; Session Laws of the Virgin Islands 1971, Act No. 3035.

The district court granted summary judgment in reliance on the Remaks' answers to interrogatories, which established that Yvonne Remak purchased the winning ticket, personally delivered it to the lottery office, and received a check to her order for $50,000. The proceeds were disbursed as follows:

(1) $18,120.00 was paid to the Department of Finance,
(2) $28,898.02 was used to construct an addition to the Remak family home,
(3) $2,500.00 was used for a family vacation,
(4) $481.98, the balance, went for miscellaneous expenditures.

Against these rather compelling and undisputed indicia of dominion and control by the parents, there is on file their affidavit indicating their present willingness to con-

vey to Rolando all or a one-half interest in the house to which the improvements were made, and their statement that they gave the lottery ticket to Rolando.

The district court ruled that the conclusory allegation, under oath, that the parents had given the ticket to their son was insufficient as a matter of law to raise a fact issue as to ownership of the lottery proceeds. We disagree. While most of the circumstances are inconsistent with donative intention or completion of a gift, we think it possible that after hearing the testimony a factfinder might credit the parents' version. Since there was on file an affidavit alleging that they made a gift of the ticket the court should not have resolved that issue without an evidentiary hearing.

The summary judgment will be reversed, and the case remanded for an evidentiary hearing.