## ORLANDO REMAK, et al., Petitioners

### v.

## LEROY A. QUINN, Commissioner of Finance, Respondent

Civil No. 209/1977

District Court of the Virgin Islands

Div. of St. Croix

July 18, 1980

ALLAN CHRISTIAN, ESQ., Frederiksted, St. Croix, V.I., *for petitioners*

ALAN E. COBB, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for respondent*

BROTMAN, *Judge By Special Assignment*

## MEMORANDUM OPINION WITH ORDER ATTACHED

This is a petition for redetermination of income tax liability for 1976. The issue presented is whether petitioner Yvonne Remak transferred ownership of certain lottery tickets to her son, petitioner Rolando Remak, by inter vivos gift prior to the date of the lottery drawing in which the tickets produced winnings of $50,000.[1] Upon examination of petitioners' tax returns respondent concluded that such a gift had not been made and that the $50,000 was the joint income of Orlando and Yvonne Remak (Mr. and Mrs. Remak). Petitioners contend that respondent erred in this determination.[2] Upon review of all of the evidence the Court finds that respondent was correct in his determination. The petition will, therefore, be denied.

### I. FINDINGS OF FACT

In early December of 1976 Mrs. Remak purchased one half of a sheet of Virgin Islands Lottery tickets, No. 008994, Serial No. 840442, for a drawing to be held on December 21, 1976.[3] The purchase was made at the Remak home with money belonging to Mrs. Remak. Rolando, who was then seven years old, at the direction of his mother, chose the lottery tickets from among those offered by the lottery salesperson. He then gave the tickets to his mother, who kept the tickets with other items of her personal property.[4]

---

[1] This Court previously granted summary judgment in favor of defendant on this issue. The United States Court of Appeals for the Third Circuit reversed, holding that the affidavits of petitioners containing the bare statement that such a gift had been made was sufficient to raise an issue of material fact requiring trial on the merits. Remak, et al. v. Quinn, 16 V.I. 681 (C.A.3d 1979).

[2] Orlando and Yvonne Remak are adult resident aliens. Their son, Rolando, is a citizen of the United States. As aliens, the parents are not entitled to a special tax subsidy given by the Virgin Islands to citizen lottery winners. If the tickets were the property of the parents at the time of the drawing, the winnings were properly included within their joint gross income. If the tickets belonged to Rolando, however, the income would be taxable to him. The tax subsidy to which he would be entitled would result in a net tax liability of zero with respect to the lottery winnings.

[3] Each sheet is divided into twenty lottery tickets, each with the same number. Tickets may be sold individually or by the sheet.

[4] Both Mrs. Remak and Rolando testified that at the time of this purchase Mrs. Remak told Rolando that the tickets were for him. Having had the opportunity to

Subsequent to this purchase Rolando saw nothing of either the tickets or the lottery winnings.

At the drawing the lottery number selected by Rolando won the grand prize of $100,000, entitling the holder of the one-half sheet purchased by Mrs. Remak to $50,000. On December 22, 1976, Mrs. Remak presented the tickets for payment at the lottery office. At that time she represented herself to be the lottery winner.[5] Accordingly, a check for $50,000 was issued payable to her. Mr. and Mrs. Remak were then advised to report their winnings to the income tax division of the Department of Finance, which they did.

Upon reporting to the tax office Mrs. Remak again represented herself to be the lottery winner. It was then explained to Mr. and Mrs. Remak that as resident aliens they were not eligible for the special tax subsidy given to U.S. citizens[6] and that they would be required to pay income taxes on the winnings. Mr. Remak returned to the tax office the following day and inquired as to whether his son, Rolando, a U.S. citizen, would be eligible for the tax subsidy. Upon being given an affirmative answer, Mr. Remak stated that the winnings tickets had belonged to Rolando rather than to Mrs. Remak.

Mr. and Mrs. Remak filed a joint return for 1976. No part of the lottery winnings were reported as joint income. Mr. Remak also filed a tax return on behalf of Rolando, reporting income of $50,000 for a total tax liability of $18,120.[7]

The lottery winnings were disbursed by Mr. and Mrs. Remak in the following manner:

---

observe the demeanor of the witness, this Court must simply discount this testimony. At the time of the purchase Rolando was only seven years old. It seems highly unlikely that he could have retained a genuine recollection of these events through the intervening three and one half years. In light of Mrs. Remak's subsequent actions in exercising dominion and control over the tickets, the Court cannot accept as credible her testimony that she intended that the tickets be a gift to her son.

[5] See Respondent's Exhibit "B", a record of personal information regarding major lottery winners. This record, signed by Mrs. Remak, clearly identifies her as the lottery winner. This document is entirely in English. Mrs. Remak, a Dutch national from Curacao, testified that she is not proficient in English. It is the observation of the Court, however, that Mrs. Remak is proficient in her use and understanding of the English language.

---

[6] See note 1, supra.

[7] Because Rolando reported no other income, he would be entitled to a tax subsidy equal to his tax liability, resulting in a wash transaction.

(1) $28,898.02 for construction of an addition to the family home;[8]

(2) $18,120 to the Department of Finance in payment of Rolando's self-assessed tax liability;

(3) $2,500 for a family vacation; and

(4) $481.98 for miscellaneous expenditures.

Upon examination of petitioners' 1976 tax returns by the Department of Finance, it was determined that the lottery winnings were income attributable to Mrs. Remak rather than Rolando. A deficiency of $14,829.80 was therefore assessed against Mr. and Mrs. Remak. Mr. and Mrs. Remak then signed a printed form of waiver, consenting to the assessment of this deficiency.[9] At the same time it was determined that Rolando had received no taxable income in 1976 and that he was entitled to a refund of $18,120. On Rolando's written request, signed by his father on his behalf, this refund was applied to his parents' outstanding tax liability.[10]

## II. DISCUSSION AND CONCLUSIONS OF LAW

As noted, supra, the legal issue to be resolved is whether an effective inter vivos gift was made of the lottery tickets to Rolando from Mrs. Remak. To be effective, three essential elements must have been present at the time of the purported gift:

(1) donative intent;

(2) delivery; and

(3) acceptance.

See, e.g., Lewis v. United States, 338 F.2d 114, 116 (Ct. Cl. 1964). The circumstances surrounding the purported gift must show an intent "to absolutely divest the donor of title, dominion and control of the subject matter." de Chabert v. Wheatley, 392 F.Supp. 62, 63 (D.V.I. 1975).

Under the facts presented at trial, the Court must conclude that neither effective delivery nor donative intent has been demonstrated by petitioners. This is mandated by several factors:

(1) Immediately after their purchase the tickets were taken and kept by Mrs. Remak rather than by Rolando.[11]

---

[8] The home is held jointly by Mr. and Mrs. Remak. After the improvements were made, the home was mortgaged to secure a loan for $19,000. The proceeds of this loan were expended on unspecified family business.

[9] See Respondent's Exhibit "A".

[10] See Respondent's Exhibit "C".

[11] Where the donee is a minor child living with the donor the fact of the return of the property to the donor for safekeeping will not, by itself, be conclusive as to the absence of a gift. See, e.g., Snyder v. Stouffer, 270 Md. 647, 313 A.2d 497 (Md.

(2) At all relevant times after the lottery drawing Mrs. Remak represented herself to be the lottery winner.[12]

(3) Mr. and Mrs. Remak disposed of the lottery winnings as if such funds were entirely their own property rather than merely held in their custody for Rolando's benefit.[13]

■ Viewing the evidence as a whole, the Court concludes that the purported gift of the lottery tickets to Rolando failed for lack of donative intent and effective delivery. Because there was no gift of the tickets prior to the lottery drawing, the tickets remained property of Mrs. Remak. The lottery winnings were, therefore, properly included within the joint income of Mr. and Mrs. Remak. This being so, respondent's determination of petitioners' tax liability for 1976 must be sustained.

## ORDER

For the reasons set forth in the memorandum opinion of even date, it is hereby

ORDERED THAT:

(1) Judgment be, and is hereby, entered in favor of respondent;

(2) The petition herein be, and is hereby, DENIED; and

(3) The parties shall bear their own costs and attorney's fees.

---

1974). Nevertheless, the fact that the tickets were returned to Mrs. Remak and retained by her may properly be considered by the Court as evidence of a lack of donative intent.

[12] At the direction of Mr. and Mrs. Remak the lottery office paid the winnings by issuing a check payable to Mrs. Remak. It must be noted that had the lottery office been told that the winner was the minor child of Mr. and Mrs. Remak the prize would have been paid in accordance with 32 V.I.C. § 259. Only after learning of the disadvantageous tax consequences of their alien status did Mr. and Mrs. Remak state that Rolando was the owner of the tickets.

[13] While the expenditure of some of the funds undoubtedly was to Rolando's benefit (e.g., home improvements and the family vacation), such benefits were incidental to the larger benefits enjoyed by the family as a whole. The bulk of the expenditures went for capital improvements to the home held jointly by Mr. and Mrs. Remak. Although Mr. and Mrs. Remak have stated their present willingness to convey an undivided interest in their home to Rolando, such evidence was properly excluded by the Court as irrelevant to the donative intent which must have been present at the time of the alleged gift.