**Dan Z. BOCHNER**

v.

**Sidney and Belle QUITMAN.**

Civ. A. No. 79–2532.

United States District Court,
E. D. Pennsylvania.

July 29, 1980.

Carl Weiss, Weinberg & Weiss, Philadelphia, Pa., for plaintiff.

Donald K. Joseph, Wolf, Block, Shorr & Solis–Cohen, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, Senior District Judge.

This is an action for breach of contract arising from an instrument[1] executed in April of 1965 between Malka Berger,[2] the original party to the contract, and Sidney and Belle Quitman, husband and wife, the named–defendants. Presently before the Court for determination is Defendants' Summary Judgment Motion as to Plaintiff's claim for exemplary damages.

In this lawsuit, Plaintiff sued the Defendants to recover fifty thousand dollars ($50,-000.00), a sum which purportedly was delivered to the Defendant Quitmans by Malka Berger some fifteen years ago, when "The Instrument" was allegedly entered into for investment purposes. In addition to the demand for fifty thousand dollars ($50,-000.00), Plaintiff asks for "a complete accounting of the income generated" by this investment instrument and the recovery of all monies due. The Defendants deny that they are indebted to Plaintiff in any respect and therefore, refuse to return the demanded sums of money. Because of this refusal to comply with all requests to return alleged monies due under "The Instrument", Plaintiff has also included in his Complaint a claim for exemplary damages. It is this claim which forms the basis of the Defendants' motion now pending before the Court.

In support of the motion to have Plaintiff's exemplary damage claim stricken from the Complaint, the Defendants have, in essence, asserted that punitive damages are not recoverable in a contract action under Pennsylvania Law. Restatement of the Law of Contracts § 342 (Pa.Annot. 1933). In addition, the Defendants have requested permission to withdraw at this time (or to have dismissed without prejudice) that portion of their motion relating to Plaintiff's request for an accounting of any revenue generated by "The Instrument". For the reasons hereinafter set forth, the Defendants' Summary Judgment Motion seeking dismissal of Plaintiff's exemplary damage claim will be granted. Furthermore, the Court will permit the Defendants to withdraw that portion of their motion dealing with any income earned and/or interest generated by "The Instrument", until further discovery can be completed.

## DISCUSSION

█ Fed.R.Civ.P. 56(c) provides in pertinent part:

---

1. This instrument forms the central basis of controversy between the parties to the lawsuit and will hereinafter be referred to as "The Instrument".

2. The named–plaintiff in this lawsuit is Dan Z. Bochner, who purports to be the assignee of any and all rights incident to "The Instrument", as were secured for valuable consideration from the sole surviving heirs of Malka Berger.

[Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Thereby, in examining the propriety of a motion for summary judgment of a claim for exemplary damages in a contracts action, the Court must first determine whether there is a genuine issue in this regard as to any material fact.[3] In addition, the record must be liberally construed in favor of the party opposing the motion and all doubts must be resolved against the movant. Thus, the role of the Court is only to determine whether there is an issue of fact to be decided, not to decide the factual issue. *Remak v. Quinn*, 611 F.2d 36 (3d Cir. 1979). With the above standards in mind, the Court will now address the Defendants' motion dealing with Plaintiff's punitive damage claim in an assumpsit action.

The general rule concerning exemplary damages in contract or assumpsit actions was originally set forth in *Hoy v. Gronoble*, 34 Pa. 9 (1859). "An allowance of vindictive damages . . . is not permitted in actions for a breach of contract, with very rare exceptions, perhaps none, except the single case of breach of promise of marriage." *Id.* at 11. This rule has long been accepted as the governing law in Pennsylvania. *See Fincke v. Phoenix Mutual Life Co.*, 448 F.Supp. 187 (W.D.Pa. 1978) (punitive damages not recoverable for breach of employment contract); *Carpel v. Saget Studios, Inc.*, 326 F.Supp. 1331 (E.D. Pa.1971) (punitive damages not recoverable for failure to deliver wedding photographs); *Smith v. Harleysville*, —— Pa.Super. ——, 418 A.2d 705 (1980) (punitive damages not recoverable where insurance company improperly refused to pay benefits under no-

fault insurance contract); *Wood v. Hahnemann Medical College and Hospital*, 1 Pa. D & C 3d 674 (1976): *See generally, Mazzula v. Monarch Life Co.*, 487 F.Supp. 1299 (E.D.Pa. 1980); *Vargas v. Pitman Manufacturing Co.*, No. 79–987 (E.D.Pa., filed September 24, 1979); *Board v. Bell Telephone Co.*, 43 Pa. D & C 2d 707 (1967); Restatement of Contracts § 342 (Supp.1977). Since the Defendants have supported their motion to dismiss the punitive damage claim with ample case law, the burden falls upon the party resisting the motion to adduce "specific facts [which show] that there is a genuine issue for trial" as to this claim, Fed.R.Civ.P. 56(e), *First National Bank v. Cities Service Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968), *Robin Construction Co. v. United States*, 345 F.2d 610, 613–14 (3d Cir. 1965), but the motion will be construed in a light most favorable to him. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

Fed.R.Civ.P. 56(e) provides in relevant part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response by affidavits or as otherwise provided in this rule, must set forth *specific* facts showing that there is a genuine issue for trial. (emphasis added).

*General Electric Co. v. Hol–Gar Mfg. Corp.*, 431 F.Supp. 881, 884 (E.D.Pa.1977), *aff'd* 573 F.2d 1301 (3d Cir. 1978). Thus, if the opposing party does not so respond, summary judgment may appropriately be granted. *First National Bank v. Cities Service, supra* 391 U.S. at 288, 88 S.Ct. at 1592; *Proctor v. State Farm Mutual Automobile Co.*, 561 F.2d 262, 275 (D.C. Cir. 1977).

---

**3.** The concern of Rule 56 is whether issues of material fact, as distinguished from issues of fact, are in dispute. *Bishop v. Wood*, 426 U.S. 341, 347 n. 11, 96 S.Ct. 2074, 2079 n. 11, 48 L.Ed.2d 684 (1976); *Tarasi v. Pittsburgh National Bank*, 555 F.2d 1152, 1156 (3d Cir.), *cert.* denied, 434 U.S. 965, 98 S.Ct. 504, 54 L.Ed.2d 451 (1977); *Sound Ship Building Corp. v. Bethlehem Steel Co.*, 533 F.2d 96, 100 (3d Cir.), *cert. denied*, 429 U.S. 860, 97 S.Ct. 161, 50 L.Ed.2d 137 (1976).

In the instant matter, Plaintiff has failed to adequately set forth a response to Defendants' contention as to the proscription of punitive damages in contract cases. Instead, Plaintiff directs the Court's attention to *Ideal Development Co. v. Costello*, 217 F.Supp. 365 (E.D.Pa.1963). *Ideal* sets forth the proposition that the failure to allege the proper factual basis for damages in a contract action would not support the entry of a summary judgment on the pleadings because plaintiff may well prove such facts at trial. *Id.* at 366. However, Plaintiff has failed to convince the Court that *Ideal*'s general holding has any applicability to our specific situation. Presumably, Plaintiff's theory is that summary judgment is improper because he must be given the opportunity at trial to prove the facts on which his claim for exemplary damages is based.

This argument fails to take into account, however, the fact that summary judgment is only improper where a genuine issue of fact exists. Therefore, since the Plaintiff has failed to adduce in his response to the Defendants' motion, that punitive damages in a contract case is in fact, a factual question which should be determined by the factfinder at trial, the Court shall dismiss from the case Plaintiff's claim seeking exemplary damages.

Plaintiff has, in addition to categorizing his claim as one arising under a breach of contract, raised for the first time during oral argument, that this matter also includes aspects of fraud. Fed.R.Civ.P. 9(b) provides in pertinent part the rules which must be followed when pleading special matters: "In all averments of fraud . . the circumstances constituting fraud . . shall be stated with particularity." Although Plaintiff alleged fraud on the part of the Defendants in the inducement of Malka Beger to make the contract, as well as in the manner in which Defendants executed "The Instrument", he has failed to provide the Court with any *specific* details of particular circumstances constituting fraud. Mere allegations presented generally to the Court are insufficient to raise a factual issue concerning fraud on the part of the Defendants. *Hirshhorn v. Mine Safety Appliances Co.*, 54 F.Supp. 588 (W.D. Pa.1944). Thus, I must conclude that there exists no genuine issue as to any facts supporting an award of punitive damages based upon the element of fraud.

Therefore, summary judgment is granted as to that portion of Plaintiff's claim seeking exemplary damages and it shall be dismissed from the case. Furthermore, the Court will permit the Defendants to withdraw, without prejudice, the motion seeking to dismiss those portions of the Complaint dealing with recovery of income earned and/or interest generated by "The Instrument" pending further discovery.